G. M. PATTEN v. CUNNINGHAM & ELLIS.

(Case No. 1769.)

1. JUDGMENT.— A judgment rendered against a firm, when in the proceeding wherein it was rendered there was service on but one of the firm, will bind the partnership real estate, and the individual land of the member of the firm served with process, situate in the county where it is recorded, but not the separate property of the members of the firm not served.

APPEAL from Walker. Tried below before the Hon. John R. Kennard.

The suit was brought in trespass to try title by Patten. Many questions were raised and discussed, but notice of them is omitted in view of the opinion, which states all that is important to be understood. The briefs of counsel were able and exhaustive on points not decided.

*McKenney & Leigh*, for appellant, contended that the property belonged to the firm and that title was fraudulently taken in the name of Ward & Dewey; that the property was therefore bound by the judgment — citing: 1 Story, Eq. Jur., secs. 218, 325–327, 468; Story on Partnership, secs. 169–187; Pomeroy v. Benton, 14 Am. L. Reg., 306; Deveney v. Mahoney, 12 Am. L. Reg., 63; Partridge v. Wells, 30 N. J. Eq.

That the purchaser under the Wathen judgment bought with notice of the fraud and acquired as against appellant no title — citing: Hutchins v. Chapman, 37 Tex., 612; Rodgers v. Burchard, 34 Tex., 441; Milam County v. Bateman, 54 Tex., 153; Carter v. Wise, 39 Tex., 273; May v. LeClaire, 11 Wall., 232; Freeman on Executions, secs. 19, 20; Freeman on Judgments, sec. 480; 1 Story, Eq. Jur., secs. 405–407.

*Abercrombie & Randolph*, for appellees, cited: 13 Tex., 337; 25 Ga., 54; 46 Barb. (N. Y.), 227; Goode v. McCartney, 10 Tex., 193; Powell v. Messer, 18 Tex., 401; Sayles' Treatise (old edition), sec. 193 and authorities cited, and sec. 187; 1 Parsons on Contracts, sec. 212; 16 Tex., 94; 24 Tex., 288; 28 Tex., 16; 19 Tex., 65, 152, 226; R. S., sec. 2318; Briscoe v. Bronaugh, 1 Tex., 333; Buford v. Rosenfield, 37 Tex., 42; Harrison v. Boring, 44 Tex., 255; Taylor v. Harrison, 47 Tex., 460–1; Watson v. Chalk, 11 Tex., 93; Hawley v. Bullock, 29 Tex., 216; Flanagan v. Oberthier, 50 Tex., 379–383; Love v. Berry, 22 Tex., 371; *In re* Estis, 12 Cent. L. J., 136; White & Tudor's Lead. Cas. in Eq., vol. 2, part 1, p. 198; 1 Story's Eq., secs. 405–407.

DELANY, J. COM. APP.— It will not be necessary for us to follow the assignments of error in detail, but we will state in a more general way our decision and the grounds upon which it is based. Both parties claim under sales made by the sheriff of Walker county. Appellant, who was plaintiff below, claims under a sale made on June 4, 1878. The judgment under which this sale was made was rendered in Galveston county on June 11, 1875, in favor of one Griffin against the firm of Ward, Dewey & Co., composed of A. J. Ward, E. C. Dewey and Nathan Patten, the father of appellant. In the suit of Griffin against Ward, Dewey & Co., no notice was given to either Ward or Dewey; but service was accepted by Patten, and defendants charged that it was fraudulently done. A certified copy of this judgment was recorded in Walker county on July 10, 1875, and the sale at which appellant purchased was made on June 4, 1878.

The claim of appellees may be stated as follows: In March, 1875, Mrs. Amanda Branch conveyed the property to A. J. Ward and E. C. Dewey. On October, 19, 1877, a judgment was rendered in the district court of Walker county in favor of one Wathen against A. J. Ward and E. C. Dewey. Under this judgment the property was sold to D. D. Alston on September 2, 1879. On December 1, 1879,

Alston conveyed to appellees.  Upon this state of facts appellees certainly held the legal title.   The judgment rendered in favor of Griffin against the firm of Ward, Dewey & Co., without notice to either Ward or Dewey, and upon the acceptance of service by Patten, would bind the partnership property and the separate property of Patten, but would not affect the property of Ward and Dewey.   R. S., art. 1224.

To avoid the effect of this, appellant alleged that the property, although bought in the name of Ward and Dewey, was in fact paid for with goods belonging to the firm of Ward, Dewey & Co., and that the deed was so taken in order to defraud the firm.   If this were so, no doubt the deed might be set aside by the creditors of the firm, at least as against Ward and Dewey and their vendees with notice.   This was the vital question in the case; it was contested with great earnestness on both sides, and a large amount of evidence, *pro* and *con*, was introduced.   The court, after weighing the evidence, decided the question of fact against appellant.   After an examination of the entire record we are satisfied that the evidence sustains the finding of the court.   And as this is conclusive of the whole case, we have not thought it necessary to discuss the other questions which the record presents.

We recommend that the judgment be affirmed.

AFFIRMED.

[Opinion adopted March 27, 1885.]