SAMUEL C. FERNANDEZ v. CASEY & SWASEY.

No. 6511.

1.   **Citation by Publication Good Against Citizens of State.**—Service of process against a defendant who is a resident citizen of the State, but temporarily absent, confers jurisdiction and will support a judgment against such defendant.

2.   **Judgment Against Partners — Presumptions.** — Suit against two partners in a Justice Court, citation issued against each, and neither served.   Citation by publication was had, and judgment was rendered against the defendants in firm name.   *Held,* such judgment was effective against the defendant who was a resident citizen of the State.   The presumption is that the citation was against the defendants individually, and the judgment against the firm ought to include an individual judgment against the defendant served with citation.

3.   **Damages on Dissolution of Injunction.**—Upon dissolution of an injunction,

no testimony showing other damages, judgment upon dissolution of an injunction restraining the collection of a judgment should be for ten per cent damages upon the amount enjoined, with interest and costs. It is error to render judgment upon the injunction bond for the amount enjoined.

APPEAL from Comanche. Tried below before Hon. T. H. Connor. The opinion gives a statement.

*Lindsey & Hutchison,* for appellant. —1. A personal judgment rendered in a State court in an action upon a money demand against a non-resident of the State, without personal service of process upon him within the State or his appearance in the action upon service by publication, is void. Pennoyer v. Neff, 5 Otto, 566; Cooper v. Reynolds, 10 Wall, 308.

2. The judgment against Fernandez & Ackerman rendered by the justice of the peace of precinct No. 1 of Comanche County for $109.70 in favor of Casey & Swasey was void for want of jurisdiction of the persons of either Fernandez or Ackerman. Rev. Stats., art. 1189.

3. As the law now is no judgment can be rendered against the principal and sureties on an injunction bond or against the principal alone on the dissolution of the injunction. Railway v. White, 57 Texas, 129.

4. A judgment against a firm simply will not support an execution against an individual member of the firm unless he was personally served and judgment rendered against him; and in an action to restrain the collection of such judgment out of the individual property of one member of the firm, it is error to render a judgment against him individually for the amount sought to be enjoined. Rev. Stats., art. 1224.

No brief for appellees.

HENRY, ASSOCIATE JUSTICE.—Fernandez and Ackerman were in the year 1881 citizens of Texas, residing in the county of Comanche, and were partners. The firm was indebted to Casey & Swasey, a firm residing at Fort Worth, in this State.

The firm of Fernandez & Ackerman discontinued business and both partners left said county for the purpose of seeking a home in some other State. Ackerman settled in Colorado. Fernandez traveled in other States for a few months without making his domicile in any of them, and at the expiration of about six months returned to Texas and established his residence in El Paso.

Shortly after the dissolution of their partnership Casey & Swasey sued Fernandez & Ackerman in a Justice Court of Comanche County, and obtained a judgment against the firm. An execution was subsequently issued upon this judgment against S. C. Fernandez and levied upon real estate situated in the city of El Paso owned by him individually.

He brought this suit to enjoin the sale of the property. The cause was tried without a jury, and on the 19th day of August, 1887, a judgment was rendered in favor of Casey & Swasey and against Fernandez and the sureties upon his injunction bond for the recovery of $164.15, and dissolving the injunction.

Appellant contends that the judgment in the Justice Court is a nullity, because the defendants were never served with process. The evidence on this subject substantially shows that neither Fernandez nor Ackerman were ever personally served with process, and that no appearance for either of them was ever made in the case in the Justice Court. The transcript from the Justice Court reads as follows:

"No. 201. Casey & Swasey v. Fernandez & Ackerman.—Suit on account for $109.70, of date December 13 and 14, A. D. 1880, and January 5, 1881.

"Filed on the 4th day of February, 1881.

"Citation issued February 9, 1881, and February 10 for Samuel Fernandez, and February 11, 1881, for J. H. Ackerman.

"February 28, 1881, the above cause continued for service and citations issued for the defendants Fernandez and Ackerman by publication returnable to the March Term, 1881.

"March 28, 1881, the foregoing and above entitled cause continued to perfect service.

"April 25, 1881, judgment by default.

"It is therefore ordered that the plaintiffs, Casey & Swasey, recover of the defendants, Fernandez & Ackerman, the sum of $109.70 and costs of suit."

The facts we think clearly show that Fernandez was a resident citizen of the State of Texas, and that though he was temporarily absent from the State he had never acquired a domicile elsewhere. Under these circumstances we think that service by publication of process against him according to the provisions of our statutes conferred upon the Justice Court the jurisdiction that it exercised in rendering judgment against him.

It is insisted that because the firm and not the individual members thereof were cited by publication, and because judgment was rendered in the same way, no execution can be issued upon it against Fernandez personally. The entry in the justice's docket discloses that the first citations were issued against the individuals composing the firm. While the firm name only is used with regard to the process by publication, in the absence of proof to the contrary it should be held in support of the judgment that that process was issued in the same way, though not expressed with the same precision. And for the same reasons we think that in accordance with the indulgence shown to proceedings in Justice Courts the entry of judgment against the defendants by their firm name ought to be

held to include an individual judgment against the partner cited. The court did not err in dissolving the injunction.

In the case of the Texas & New Orleans Railway Company v. White, 57 Texas, 132, this court decided that a moneyed judgment for the amount of the judgment enjoined can not now be rendered upon the dissolution of an injunction. By the dissolution of the injunction the defendants were left at liberty to proceed with the collection of their judgment by means of process issued thereon, and were entitled to a judgment against the plaintiff and his sureties for 10 per cent on the amount of the justice's judgment increased by interest calculated thereon at the rate of 8 per cent per annum. No facts are pleaded in this cause showing defendants to be entitled to recover other damage.

The judgment of the District Court will be reversed and a judgment will be here rendered in favor of defendants for 10 per cent damages and for the dissolution of the injunction, and in favor of appellants for the costs of this appeal.

*Reversed and rendered.*

Delivered May 27, 1890.