### WILLIAMS LAND COMPANY v. H. V. CRULL.

Decided February 22, 1910.

**1.—Action Against Partnership—Final Judgment.**

In a suit against a partnership the petition gave the names of the two persons composing the partnership; both of said persons filed an answer; the judgment was against the partnership, reciting that it was composed of the persons who were alleged to compose the partnership and who had answered. Held, the judgment was not subject to the objection that it was not final in that it did not dispose of all the parties before the court.

**2.—Action on Express Contract—Charge on Quantum Meruit.**

Where an action is based on an express contract, a charge permitting a recovery on quantum meruit is reversible error.

**3.—Practice—Erroneous Charge.**

An erroneous charge in favor of appellee is cause for reversal unless it affirmatively appears that it did not influence the jury.

Appeal from the County Court of Sherman County. Tried below before Hon. O. J. Ingham.

*R. E. Stalcup* and *Hyde & Harris,* for appellant.

*C. F. Rudolph,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an action by H. V. ·Crull, a real estate broker, to recover certain commissions from Williams Land Company, a copartnership composed of W. A. Williams and Clark Marshall, for making a sale of certain real estate in Sherman County. The action was based upon an express contract to pay five percent commissions upon the sale price, amounting, it was alleged, to six hundred and eight dollars. There was a trial before a jury, resulting in a verdict and judgment for the plaintiff in the sum .of five hundred dollars, from which the defendants have appealed.

At the threshold of the discussion of this case we are confronted with the question whether or not the judgment entered below was such a final judgment as to support this appeal. The judgment follows the verdict, and the material part is as follows: "It is therefore ordered, adjudged and decreed by the court that the plaintiff do have and recover of and from the defendant, the Williams Land Company, a copartnership composed of W. A. Williams and Clark Marshall, the sum of five hundred dollars with interest on said amount at the rate of six percent per annum from date of this judgment, together with all costs in this behalf expended, for ·which let execution issue." Appellants insist that the verdict and judgment do not dispose of all the parties before the court, being in form against the copartnership only.

In Frank v. Tatum, 87 Texas, 204, it is held by our Supreme Court that, where the members of a defendant firm were dismissed from the suit, the court thereafter had no authority to render a judgment against the copartnership. This was upon the reasoning that a copartnership under our law is not a person, either natural or artificial, capable of suing or being sued as such. To the same effect is the decision in Glasscock v. Price, 92 Texas, 271. While it is true that a copartnership under our law is not a legal entity or a legal person distinct from its members, it does not follow from this that the judgment under consideration is not a final disposition of the individual members of the firm of Williams Land Company. A partnership under our statute (article 1224 et seq.) must be sued through its individual members. In the present case the suit was against the partnership composed of W. A. Williams and Clark Marshall, both of whom filed an answer in court. The judgment against "Williams Land Company, a copartnership composed of W. A. Williams and Clark Marshall," can be nothing else than a judgment against the individuals composing that firm. Patten v. Cunningham, 63 Texas, 666; Fernandez v. Casey & Swasey, 77 Texas, 452; Blumenthal v. Youngblood, 24 Texas Civ. App., 266 (59 S. W., 290). We conclude, therefore, that the judgment disposes of all the parties to the suit, and, being thus final, is appealable.

We will not discuss those assignments complaining of the court's refusal to grant a new trial, since the judgment must be reversed and the cause remanded for an error in the charge. As stated above, the action was based upon an express contract to recover five percent

commissions for making a sale of real estate. In the third paragraph of the court's charge the jury were instructed in effect that appellants would be liable to appellee if they should find that no amount was agreed upon, but that "the amount so demanded by plaintiff is not in excess of a reasonable compensation for such service." This, we think, clearly authorized a recovery as upon a *quantum meruit,* and as such was not authorized by the pleadings. Frey v. Klar, 69 S. W., 211; Fordtran v. Stowers, 52 Texas Civ. App., 226 (113 S. W., 631). It is difficult to account for the verdict upon any other theory than that the jury based the award upon this charge. But, independently of that consideration, we would yet reverse for the error unless it appeared affirmatively that no such result followed.

For this error the judgment of the County Court is reversed and the cause remanded for another trial.

*Reversed and remanded.*