## GILL v. McFADDIN.    (No. 422.)

(Court of Civil Appeals of Texas.    Beaumont.
March 19, 1919.)

1. INJUNCTION ⬤➡143(2)—EX PARTE HEAR-ING—PLEADING.

To be entitled to an injunction upon an ex parte hearing, and without notice, the plaintiff must show by proper allegations a right in himself to do the act which he seeks to perpetuate, and must negative every possible hypothesis upon which defendant might lawfully do the act which he seeks to enjoin, and plaintiff must show immediate and pressing necessity which prevents a hearing.

2. INJUNCTION ⬤➡143(2)—EX PARTE HEAR-ING—REMOVAL OF DAM.

Petition of pasture land owner to restrain removal of dam, erected to impound water for his cattle in dry season, *held* insufficient to entitle him to injunction upon an ex parte hearing, not showing, except by inference, that his land abutted upon the bayou, or that defendant was not the owner of the land or entitled to the water.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Injunction suit by W. P. H. McFaddin against George Gill. From decree for plaintiff, defendant appeals. Reversed, and injunction dissolved.

W. G. Reeves, of Beaumont, for appellant.
C. W. Howth, of Beaumont, for appellee.

HIGHTOWER, C. J. On July 1, 1918, appellee, W. P. H. McFaddin, presented to Hon. E. A. McDowell, judge of the Sixtieth judicial district of Texas, the following petition and prayer for injunction:

"Now comes W. P. H. McFaddin, plaintiff, complaining of George Gill, defendant, and respectfully represents

"(1) Plaintiff alleges that he is the owner of the south half of T. & N. O. section 143, and has under lease section 155, and has the right to use and occupy both sections 155 and 143, and that said sections of land are within a pasture owned and controlled, occupied, and used by the plaintiff as a feeding ground for cattle belonging to the plaintiff and others; that there are now upon said land within said pasture about 2,000 head of range cattle; that the only water available for said cattle to drink comes from what is known as Mayhaw bayou, that is to say, the northeast and southwest prongs of Mayhaw bayou; that said bayou empties into what is known at Taylor's bayou; that there is now, and has for some time been, a great drouth and scarcity of water in Jefferson county, and especially in which portion of Jefferson county in which said pasture is located; that the said bayou and said prongs of said bayou are low, and that in order to preserve the lives of said cattle, and keep them from dying of thirst, it became necessary to dam up said prongs of said bayou by means of what is

known as a sack dam about two feet high, which is composed of grain sacks filled with dirt, in order to hold in said prongs of said bayou sufficient water to water said cattle and to prevent them from dying of thirst.

"(2) That the said dam across said prongs of said bayou does not cause the said bayou or any branch or tributary thereof to overflow, either above or below said dam, and that no one is in need of the water, except the plaintiff and other owners of cattle in said pasture, and that unless said dam existed the water would waste into the Gulf, and would not be available to any one, and said cattle would die of thirst, and that the plaintiff and other owners of cattle in said pasture would suffer irreparable injury, and that the public at large, and especially the American soldiers and the Allies in Europe, by reason of the loss of about 2,000 head of cattle, which are now being prepared for market.

"(3) That the defendant is maliciously and wantonly threatening to remove said dam and permit the waters now held thereby to drain into and be wasted in the waters of the Gulf, and will do so unless restrained by the writ of injunction.

"(4) Premises considered, plaintiff prays that your honor enter an order directing the clerk of this court to issue and cause to be issued and served upon the defendant a writ of injunction, restraining the defendant from removing said dam or any part thereof, or going about the same, or doing or performing any other act which would diminish the supply of water available to said cattle in said pasture."

The foregoing petition was properly verified by the appellee. Upon presentation of this petition to Judge McDowell, and without notice to appellant, he granted the writ of injunction as prayed for, and appellant thereafter and in due time filed his appeal bond, and brought the case to this court.

It is the contention of appellant that the judgment should be reversed, and the injunction dissolved, for the following reasons: (1) Because the petition is bad on general demurrer; (2) because it does not negative the right of appellant to remove the dams mentioned; (3) because the judge erred in granting the writ without notice of hearing.

The proposition is that the plaintiff's petition averred no fact showing any right on the part of plaintiff to maintain the dams in question, and showed no obligation on the part of defendant to permit the channel of said bayou to be blocked, and that such petition was therefore bad on general demurrer. We have concluded, after consideration, that appellant's contention to the effect that the petition was bad on general demurrer is correct, and must be sustained.

[1] As argued by appellant, it is fundamental that, in order to be entitled to an injunction upon an ex parte hearing and without notice, the plaintiff must show by proper allegations a right in himself to do the act which he seeks to perpetuate, and must nega-

---

tive every possible hypothesis upon which defendant might lawfully do the act which he seeks to enjoin, and plaintiff must show immediate and pressing necessity which prevents a hearing, before such injunction should be granted.

[2] While appellee's petition alleged that he was the owner of the south half of T. & N. O. section No. 143, and that he had under lease section No. 155, and that these sections were in a pasture used and controlled by him as grazing ground for his cattle, it does not allege, except by mere inference, that either of these sections abuts upon Mayhaw bayou, or except by mere inferenece that Mayhaw bayou is within the pasture of appellee, and therefore the petition fails to clearly allege any lawful right in appellee to the use of the water of Mayhaw bayou for his cattle, and fails to clearly show any right in appellee to perpetuate said dams in Mayhaw bayou.

Neither does the petition negative any right in appellant to remove the dams placed by some one in Mayhaw bayou. It is true the petition does state that appellant was not in need of the water in Mayhaw bayou, and that his act in removing the dams, if permitted, would be malicious and wanton on his part. Such allegation does not negative any right in appellant to remove these dams, for, in so far as the petition shows, appellant may be the owner of the land upon which these dams are erected, or may be otherwise entitled to remove these dams.

For both reasons, the petition was not sufficient to authorize the granting of the writ of injunction without hearing or notice, as was done. The order of the judge not only enjoined appellant from removing the dams complained of, but even further enjoined the appellant from in any manner interfering with the supply of water in Mayhaw bayou, to which, so far as the petition shows, he might be as much entitled as appellee; but under the judge's order he was not permitted to use a particle of water for any purpose.

The injunction was improperly granted, and the judgment will be reversed, and the injunction dissolved; and it is so ordered.