# WICHITA COUNTY LUMBER CO. v. MAER. (No. 9855.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 26, 1921.)

1. Judgment ☞407(6)—Default judgment not set aside, on petition for injunction, for lack of proper service, if entry could have been discovered in time for motion for new trial.

A default judgment cannot be set aside, on petition for injunction, for lack of proper service, if a person of ordinary prudence would have discovered the judgment's entry in time to have filed a motion for a new trial at the same term of court.

2. Execution ☞172(4)—Petition for injunction restraining levy must negative existence of any fact under which petitioner would not be entitled to relief.

On petition to enjoin sheriff from levying writ of execution on a default judgment, the averment of all the material and essential elements constituting the right to the injunction must be sufficiently certain to negative every inference of the existence of facts under which the petitioner will not be entitled to relief, particularly where a temporary injunction is sought upon an ex parte hearing without notice to the adverse party.

3. Execution · ☞172(4)—Petition to enjoin levy on default judgment held insufficient.

Petition to enjoin levy of execution on default judgment, on the ground that sheriff's return on citation showed service on impossible date, held insufficient for failure to allege that petitioner was not in fact duly served with citation, nor that he could not have, with the exercise of ordinary prudence and diligence, discovered the defect in the return of the sheriff in time to have presented such defect in a motion for a new trial, at the term of court in which the judgment was entered.

4. Partnership ☞205—Failure to serve one partner in action against firm and partners did not invalidate service on and judgment against other partners.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1852, 1863, 2006, the failure to serve one of the partners in an action against all of the partners and copartnership did not invalidate service upon the other partners, nor invalidate the judgment rendered as to parties served.

5. Parties ☞30—Principal obligor may be sued alone or jointly with any other party liable.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1852, 1863, 2006, any principal obligor in any contract may be sued alone or jointly with any party who may be liable thereon.

6. Partnership ☞200—All members necessary parties, though service on one or more supports judgment against firm and one served.

In suits against partnership, all the members are necessary parties, though service of citation on one or more is sufficient to support

---

judgment against the firm and the defendant served.

**7. Execution ⊂⊃172(4)—Burden of proof of defendant seeking to enjoin levy of execution on default judgment stated.**

Defendant against whom default judgment had been rendered to secure injunction against levy of execution, on the ground of insufficiency of sheriff's return on the citation, had the burden of showing, not only that defect existed as to service on the return of officer on the citation, but also that he had a meritorious defense and had a sufficient excuse for not having filed motion for new trial before the term of court adjourned.

**8. Partnership ⊂⊃204—Citation held to show suit to be against individual members as well as against firm.**

Citation describing the suit as one against named persons, and directing the sheriff to deliver to such persons, composing a partnership named, by serving either of said partners each in person a true copy of this citation, *held* to show that the suit was against the individual members of partnership as well as against the firm.

**9. Partnership ⊂⊃219(2)—Judgment held one against individual members of firm as well as the partnership.**

In action against partnership and individual members thereof, a judgment against individual members "jointly and severally" *held* a judgment against the individual members of firm as well as the partnership.

**10. Joint-stock companies ⊂⊃19—Joint-stock association may sue as an entity.**

A joint-stock association may bring an action as an entity, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6149.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by the Wichita County Lumber Company against W. N. Maer and others. A default judgment was rendered for the plaintiff, and defendant Maer obtained a judgment enjoining the sheriff and the Lumber Company from levying writ of execution thereon, from which the Lumber Company appeals. Reversed, with directions.

Bonner & Bonner and W. H. Sanford, all of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellee.

BUCK, J. On the 11th day of April, 1921, the appellant, Wichita County Lumber Company, recovered a money judgment, by default, against W. N. Maer, appellee, and A. E. Boger and Floyd E. Ard, individually and as partners. Subsequently appellant caused to be issued out of the trial court a writ of execution on said judgment, and placed it in the hands of Fred K. Smith, sheriff of Wichita county. Appellee thereupon secured an injunction, restraining the sheriff and the lumber company from levying said writ of execution. From this order and judgment the Wichita County Lumber Company has appealed.

[1-3] We will take up and discuss the several grounds alleged in appellee's application for the injunction. The first is that the sheriff's return on the citation shows service on him on an impossible date. The officer's return shows that the citation came to hand "on the 15th of January, 1921, at 4:30 o'clock p. m. and executed on the 20th day of January, 192—." Appellee did not even allege that he was in fact not duly served with citation, nor that he could not have with the exercise of ordinary prudence and diligency, discovered the defect in the return of the sheriff in time to have presented such defect in a motion for a new trial at the term of court in which the judgment was entered. A default judgment cannot be set aside for lack of proper service, if a person of ordinary prudence would have discovered the judgment's entry in time to have filed a motion for a new trial at the same term of court. Kimmell v. Edwards, 193 S. W. 363; Johnson v. Templeton, 60 Tex. 238; Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; Owens v. Cage & Crow, 101 Tex. 286, 106 S. W. 880. The averment of all the material and essential elements constituting the right to the injunction must be sufficiently certain to negative every inference of the existence of facts under which the petitioner will not be entitled to relief. Graham v. Knight, 222 S. W. 326; Emde v. Johnson, 214 S. W. 575; Edmonson v. Cummings, 203 S. W. 428. This principle is applicable with even stronger force where a temporary injunction is sought upon an ex parte hearing and without notice to the adverse party. Gill v. McFaddin, 210 S. W. 722; Miller v. City of Ballinger, 204 S. W. 1173. Hence we conclude that the allegation of a defect in the return of the sheriff did not justify the peremptory injunction issued.

[4-6] The second ground is that the return of the officer shows that A. E. Boger was not served with the original citation issued; that subsequently the clerk issued a citation to Dallas county, and the sheriff's return on that shows that "A. E. Boger was served by delivering to T. R. Boger, secretary of the Boger Oil Corporation, the within-named in person, a true certified copy of plaintiff's original petition," etc.; that this return does not show that A. E. Boger was served with process in this case. Even though it be admitted that Boger was not served at all, such admission would not invalidate the service upon the other two partners, nor invalidate the judgment rendered as to the parties served. Any principal obligor in any contract may be sued alone or jointly with any other party who may be liable thereon.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Articles 1852, 1863, and 2006, V. S. Tex. Civ. Stats.; Glasscock v. Hamilton, 62 Tex. 143; Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 479; Miller v. Sullivan, 89 Tex. 480, 35 S. W. 362; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965. In suits againts partnerships, all the members are necessary parties, although service of citation upon one or more is sufficient to support judgment against the firm and the defendant served. Frank v. Tatum, supra.

Article 1863 reads:

"In suits against partners, the citation may be served upon one of the firm; and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served."

[7] The burden rested upon appellee not only show that the defects existed as to service on the return of the officer on the citation, but that he had a meritorious defense and had a sufficient excuse for not having filed a motion for a new trial before the term of court adjourned. Ry. Co. v. Hoffman, 193 S. W. 1140, 1142, and authorities there cited. Hence we conclude that the allegations under consideration were not sufficient to justify the granting of the injunction.

The third ground alleged is that the judgment is void and unenforceable, for the reason that the suit is against a copartnership, and the judgment nowhere disposes of the individual members composing the same, and the suit is not brought against the individual members but against the copartnership. The transcript does not contain the petition of plaintiff in the original suit, but does contain the citation. This reads, in part, as follows:

"The nature of plaintiffs' demand is as follows, to wit: Suit by Wichita County Lumber Company, a joint-stock association, against A. E. Boger, Floyd E. Ard, and W. Newton Maer."

And further directs the sheriff as follows:

"You will deliver to said defendants A. E. Boger, Floyd E. Ard, and W. Newton Maer, composing the partnership of Boger, Ard & Maer, and the partnership of Boger, Ard & Maer, by serving either of said partners, each in person, a true copy of this citation."

[8, 9] We think the recitation in the citation above referred to supports the conclusion that the suit was against the individual members of the partnership as well as against the partnership.. The judgment is against A. E. Boger, Floyd E. Ard, and W. Newton Maer, jointly and severally. We think this judgment is sufficient as a judgment against the individual members of the firm as well as the partnership. In Williams Land Co. v. Crull, 59 Tex. Civ. App. 345, 125 S. W. 339, this court said that a judgment against the "Williams Land Company, a copartnership composed of W. A. Williams and Clark Marshall," was against the individual copartners as well as against the firm, citing some of the cases cited in the present opinion. See Crews & Williams v. Gullett Gin Co., 189 S. W. 793.

[10] The last ground, except the plea that the applicant has a valid defense against plaintiff's suit, is that—

"Said judgment is further void and unenforceable and should be set aside for the reason that plaintiff alleges that it is a joint-stock association whose trustees are E. F. Strube, R. C. Tevis, and C. G. Tevis, and nowhere alleges the residence of said trustees, plaintiffs in said cause."

The citation shows that the Wichita County Lumber Company, a joint-stock association, was the plaintiff, and not the individual trustees thereof. Article 6149, V. S. Civ. Stats., provides:

"Hereafter any unincorporated joint-stock company or association, whether foreign or domestic, doing business in this state, may sue or be sued in any court of this state having jurisdiction of the subject-matter in its company or distinguishing name; and it shall not be necessary to make the individual stockholders or members thereof parties to the suit."

See Crow v. Cattlemen's Trust Co., 198 S. W. 1047, writ refused; Lloyds' Exchange v. Southern Trading Co., 205 S. W. 352; Brotherhood of R. R. Trainmen v. Cook, 221 S. W. 1049. All of these cases sustain the right of an unincorporated association to bring suit as an entity.

We conclude that the temporary injunction granted was improperly issued, and the judgment granting the injunction is reversed, and this judgment is ordered certified to the trial court for observance.