## BIBB & HUGHES et al. v. LE FEVRE.
### (No. 8808.)

.(Court of Civil Appeals of Texas. Dallas. April 28, 1923.)

**1. Appeal and error ⚖➡301—Whether action against firm or individual held fundamental, question to be considered though not raised below.**

Whether an action was in fact against a firm as such, and one in which no valid judgment could be obtained, rather than against the individual members, *held* a fundamental question that the Supreme Court should consider without its being assigned as error in the motion for a new trial.

**2. Stipulations ⚖➡14(10)—That sum sued for was owed to plaintiff held to render unnecessary proof of how plaintiff became owner of the indebtedness.**

In insurance agent's action against an insured for premiums, where petition alleged that the indebtedness was owing to plaintiff, *held*, that an agreement between the parties that the amount claimed in the petition was "the true and correct amount of premium to be paid by the said" defendants "to the plaintiff in the above styled and numbered cause on account of said policy, plaintiff's cause of action in said suit being based on said policy," was an admission by defendants that they were indebted to plaintiff in the sum named and that plaintiff, not the insurance company, was the owner of the indebtedness, and rendered unnecessary the intermediate proof of any facts showing how plaintiff became the owner of the indebtedness.

**3. Partnership ⚖➡200—Petition held to make both partnership and members thereof defendants.**

A petition in an action brought to recover an indebtedness due from a partnership, alleging that "now comes * * * plaintiff complaining of B. & H. copartnership composed of W. S. B., Jr., and J. B. H., hereinafter styled defendants," makes both the firm and each member thereof defendants.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Mrs. A. M. Le Fevre against Bibb & Hughes and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Frazier & Averitte, of Hillsboro, for appellants.

John Abney, of Hillsboro, for appellee.

JONES, C. J. This is an appeal from a judgment of the district court of Hill county, Tex., rendered in a suit by appellee on open account against appellants, Bibb & Hughes, in the sum of $1,045.66, together with interest at the rate of 6 per cent. per annum from the 10th day of December, 1920. Appellee, before judgment, procured an attachment and caused a levy to be made on certain personal property belonging to said appellants.

A replevy bond was executed by said appellants, upon which the American Surety Company of New York, the other appellant in this case, was surety. Judgment was also rendered against the surety company on this replevy bond.

Appellants Bibb & Hughes had contracted with Hill county for the construction of public roads in said county, and on the 10th day of May, 1920, contracted with appellee, who represented the Southern Surety Company as its agent, for the issuance of a compensation policy by said company for certain specified premiums. After some months had expired, said appellants canceled said compensation policy held by them, and at said time were indebted for the issuance of said policy for accrued premiums thereon in the amount of this judgment. Payment not being made, appellee brought this suit in her own name and sought to recover this indebtedness in her own right. In her petition she alleged all facts necessary to show the issuance of the policy in favor of said Bibb & Hughes and the amount of indebtedness, but the petition was silent as to how she became the owner of said indebtedness. Direct allegation, however, was made that said amount was owing to her by said appellants. Appellants' answer consisted only of a general demurrer and a general denial.

The case was tried before a jury, and an agreement was introduced in evidence as to the amount of the indebtedness due by said appellants, to which was attached an admitted copy of the policy and a statement of the pay roll necessary to determine the amount of premiums earned. The affidavit and bond in attachment, writ of attachment, and the replevy bond were also introduced in evidence. This was all the evidence in the case. Upon the conclusion of the evidence, the court directed a verdict in favor of appellee for the amount claimed in her petition, and admitted as correct by the agreement, and judgment was entered in conformity to this instructed verdict.

[1] In appellants' motion for a new trial, error is assigned on the court's giving the peremptory instruction, on the theory that this evidence did not show that appellee was the owner of this indebtedness, or, at least, it made a controverted issue as to whether appellee, at the time of the trial, was such owner and was entitled to recover said indebtedness in her own right. This is the only assignment of error raised in the motion for a new trial that can be considered by this court. The judgment, however, is also assailed on the ground that the petition shows on its face that it was a suit against the firm of Bibb & Hughes and not a suit against the individual members of said firm, and that, as our law recognizes no such legal entity as a firm, no valid judgment could be rendered

in such a cause of action. While this error is not assigned in the motion for a new trial, still we are inclined to think it presents a fundamental question that this court should consider without its being supported by an assignment of error filed in the lower court. Whatever merit there is in this contention appears upon the face of the pleading.

[2] The first assignment of error we consider without merit. The petition alleged that the indebtedness was owing to appellee. While this is perhaps a conclusion, still no special exception was urged against this manner of alleging ownership in appellee, and complaint cannot now be made that such ownership was not sufficiently alleged. The agreement entered into contained the following clause:

"That the attached figures, consisting of one sheet made on blue ruled paper, the figures in pencil, is a true and correct copy of the entries as contained in the books of account kept by Bibb & Hughes in reference to the matters to which said attached sheet relates, and agrees that the calculation showing a total of one thousand forty-five dollars and $^{66}/_{100}$ ($1,045.-66) as premium accrued under workmen's compensation and employer's liability policy No. C266116, issued by Southern Surety Company of Des Moines, Iowa, to Bibb & Hughes, on the 10th day of May, 1920, being the date said policy was countersigned, is the true and correct amount of premium to be paid by the said Bibb & Hughes to the plaintiff in the above styled and numbered cause on account of said policy; plaintiff's cause of action in said suit being based on said policy."

This agreement can only be construed in the light of an admission on the part of Bibb & Hughes that they were indebted to plaintiff (appellee in this court) in the sum stated in said agreement, and that she, and not the Southern Surety Company, was the owner of such indebtedness. The legal effect of this agreement was to render unnecessary the intermediate proof of any facts showing how appellee became the owner of the indebtedness. It rendered any other proof in reference to this matter unnecessary.

[3] We do not think appellants' contention that the petition shows on its face that this is a suit solely against the firm of Bibbs & Hughes is sound. The allegation in the petition in this respect is as follows:

"Now comes Mrs. A. M. Le Fevre, a feme sole, who resides in Hill county, Tex., hereinafter called plaintiff, complaining of Bibb & Hughes, a copartnership composed of W. S. Bibb, Jr., and Jos. B. Hughes, hereinafter styled defendants," etc.

The effect of this allegation is to make both the firm and each member of the firm defendants in this case. Almost this identical question was before the Court of Civil Appeals for the Second Supreme Judicial District in the case of Williams Land Co. v. Crull, 59 Tex. Civ. App. 345, 125 S. W. 339. In the reported case judgment was rendered against the Williams Land Company, a copartnership, composed of W. A. Williams and Clark Marshall, and it was urged before that court that this was a judgment against the copartnership only. The court held it to be both a judgment against the copartnership and a judgment against the individual members of the copartnership, and a valid judgment disposing of all the parties. The statement in the opinion shows that suit was brought against the copartnership composed of the individual members of the copartnership, just as this suit is brought. In the instant case the appellee is given judgment against "defendants W. S. Bibb, Jr., and Jos. B. Hughes, as partners composing the copartnership of Bibb & Hughes, as principals. This assignment is therefore overruled.

Finding no reversible error, the judgment of the lower court is affirmed.