### BARIA et al. v. TAYLOR et al.

### No. 11103.

Court of Civil Appeals of Texas. Dallas.

Feb. 11, 1933.

Rehearing Denied March 11, 1933.

Leachman & Gardere and W. H. Neary, all of Dallas, for appellants.

George Sergeant, of Dallas, for appellees.

LOONEY, Justice.

This appeal is from a decree perpetuating a temporary injunction issued at the suit of L. J. Taylor and T. K. Irwin enjoining Mrs. Clio Baria and husband, Murray S. Baria, and the sheriff of Dallas county, from enforcing, as against Taylor and Irwin, a certain judgment rendered by the county court at law No. 1, Dallas county, particularly described below.

The record is before us without a statement of facts; hence, the only question open to discussion is, whether the pleadings support the judgment.

It is our opinion that appellees' petition for injunction presents but one contention, that is, that the judgment in question is lacking in finality, therefore not capable of supporting an execution.

The judgment set out at length in appellees' petition, in so far as pertinent to our inquiry, reads: "This the 17th day of January, A. D. 1930, came on to be heard the above entitled and numbered cause wherein Mrs. Cleo Baria, joined by her husband, are plaintiffs, and L. J. Taylor and T. K. Irwin, Taylor and Irwin, a co-partnership composed of L. J. Taylor and T. K. Irwin, and Taylor and Irwin Investment Company, a copartnership composed of L. J. Taylor and T. K. Irwin, are defendants, and came the parties and announced ready for trial, and came a jury of six good and lawful men, to wit, William L. Peacock and five others, who being duly empaneled and sworn, on their oaths, in response to the following special issues submitted to them by the court, do make the following findings: (Here follows the issues submitted and the answers of the jury thereto.) Wherefore, the plaintiffs having made motion for judgment upon such special verdict, it is,

therefore, ordered, adjudged and decreed by the court that the said plaintiff, Mrs. *Cleo* Baria, joined by her husband, do have and recover .of said defendant, Taylor and Irwin Investment Company, the sum of One Hundred Twenty Seven Dollars and Fifty Cents ($127.50), with interest thereon at the rate of six (6%) per cent. per annum from the first day of August 1928, together with the costs in this behalf expended both in this court and in the court below, and six (6%) per cent. interest on the amount of this judgment from this date and that she have her execution. [Signed] Paine L. Bush, Judge of the County Court at Law No. 1." .

Without a discussion, we hold, in harmony with the authorities cited below, that the judgment is 'final, and enforceable against appellees individually. See Patten v. Cunningham & Ellis, 63 Tex. 666; Fernandez v. Casey & Swasey, 77 Tex. 452, 14 S. W. 149; Blumenthal v. Youngblood, 24 Tex. Civ. App. 266, 59 S. W. 290; Williams Land Co. v. Crull, 59 Tex. Civ. App. 345, 125 S. W. 339.

Appellees contend that the judgment enjoined was superseded by a corrected judgment, therefore was incapable of supporting an execution.

It appears from appellees' allegations that, after an appeal by writ of error was perfected by them (but later abandoned), appellants, by motion, sought to have the judgment corrected in certain respects, not disclosed by the record; that the motion was sustained, but the corrected judgment was never entered upon the minutes of court, therefore was neither final nor appealable, nor was the previous judgment superseded thereby. See Gilmore v. Ladell (Tex. Civ. App.) 34 S.W. (2d) 919.

■ Appellees make the further contention that the movement of appellants to correct the judgment restrained appellees from perfecting their appeal from the former judgment until too late so to do, therefore that appellants are now judicially estopped to contend that the judgment enjoined is final.

The issue of estoppel was not pleaded as a ground for injunctive relief. It is true, appellees alleged that they perfected appeal by writ of error from the enjoined judgment, but the same was abandoned by their failure to file the record in this court within the time provided by law (see District and County Court Rule 104; Schonfield v. Turner [Tex. Sup.] 6 S. W. 628), but even if urged as a ground for injunctive relief, we fail to see the applicability of the doctrine of judicial estoppel to the facts of this case.

Returning to the question first considered, we hold that the judgment attacked is final, that the court erred in enjoining its enforcement as against Taylor and Irwin individually, therefore reverse the case and render judgment for appellants, dissolving the injunction and dismissing appellees' petition.

Reversed and rendered.

### On Appellees' Motion for Rehearing.

In their motion for rehearing, appellees complain that we failed to act upon the motion filed by them to dismiss the appeal. While we did not, in express terms, overrule the motion to dismiss, but in treating the judgment perpetuating the injunction as final, and basing our entire adjudication on that idea, the motion, to all intents and purposes, was denied, and we so intended.

■ The ground alleged by appellees for injunctive relief is, "That the judgment above set out (the judgment sought to be enjoined), is the only judgment ever entered in this cause, is not a final judgment, and will not support an execution, and any execution issued on said judgment is void, etc." Upon these, and other allegations to the same effect, appellees sought and obtained, first, a temporary writ, and on final hearing, permanent relief, enjoining enforcement of the judgment, of date January 17, 1930; from this judgment, the appeal is prosecuted. The contention of appellees that the judgment is interlocutory, hence not appealable, is based upon the fact that, in the order perpetuating the injunction, the court attempted to vacate and set aside the judgment enjoined. It is sufficient to say that the attempt of the trial court to vacate and set aside the judgment must be ignored, because not authorized by any pleading; the only purpose of appellees' suit being to obtain relief by injunction from the judgment, and not to review vacate, or set same aside.

We have duly considered all grounds urged for rehearing, and the same are overruled.