## HEFFERNAN v. RYAN.

No. 11425.

Court of Civil Appeals of Texas. Galveston.

July 9, 1942.

Rehearing Denied July 30, 1942.

Sears, Blades, Moore & Kennerly and Geo. D. Neal, all of Houston, for appellant.

Paul Port and Baker, Botts, Andrews & Wharton, all of Houston, for appellee.

GRAVES, Justice.

This is an action brought by S. J. Ryan, appellee, against John Heffernan, Jr., appellant, and J. A. Gillen, as executor of the estate of George Ricker, deceased, on a declared-upon express oral agreement (and in the alternative under an implied contract), whereby it was alleged that Heffernan and Ricker had agreed to pay Ryan one per cent of the amount of a construction contract, for the putting in of certain watermains, which they—while Ricker was still alive—were carrying out with the City of Houston, in consideration for Ryan's acting as indemnitor for a bonding company on a performance bond the City had required Ricker and Heffernan to furnish as security for their faithful performance of that contract. Ryan also claimed a lien on certain money ($1,036.-56) paid into the registry of the court by the City, which had also been made a party to the suit, such sum being the balance the City admitted to be due to some one on the construction contract. Heffernan and Gillen, executor, although represented by the same attorney, filed separate answers, each denying for himself the making of the contract, and each claimed that he individually was entitled to one-half of the money paid into court.

The cause was tried by the court without a jury, and a judgment was rendered in appellee's favor against appellant, the material provisions of which were these: "* * * it appearing to the Court that the plaintiff, S. J. Ryan, is entitled to recover of and from John Heffernan, Jr., damages in the sum of $997.31, and that, in partial payment of said judgment, plaintiff, S. J. Ryan, should recover one-half of the sum paid into the registry of this court by the City of Houston, to-wit, the sum of $518.28, and that he have judgment against John Heffernan, Jr., for the balance, to-wit, the sum of $479.03, together with interest thereon at the rate of six per cent per annum until paid; and, it further appearing, that plaintiff, S. J. Ryan, should recover nothing against J. A. Gillen, as Independent Executor, and that neither John Heffernan, Jr., nor J. A. Gillen, Independent Executor, should recover anything against S. J. Ryan, but that said J. A. Gillen, Independent Executor, should recover one-half of the sum of $1036.56 paid into the registry of this Court by the City of Houston, to-wit, the sum of $518.28, it is therefore

"* * * Decreed by the Court that of the sum of $1036.56 paid into the registry of this Court by the City of Houston, the clerk shall pay to S. J. Ryan, plaintiff, the sum of $518.28, and shall pay to J. A. Gillen, Independent Executor, the balance of said sum, to-wit, the sum of $518.28, and it is further

"* * * Decreed that plaintiff, S. J. Ryan, do have and recover of and from defendant John Heffernan, Jr., judgment in the sum of $479.03, with interest thereon at the rate of six per cent per annum from February 26, 1942, until paid; it is further

"* * * Decreed that plaintiff, S. J. Ryan, recover nothing against J. A. Gillen as Independent Executor; that John Heffernan, Jr., recover nothing against S. J. Ryan; that J. A. Gillen, Independent Executor, recover nothing against S. J. Ryan; that S. J. Ryan, John Heffernan, Jr., and J. A. Gillen, Independent Executor, recover nothing against the City of Houston, and that the City of Houston be denied any attorneys' fees."

Appellant tersely presents here only two points for a reversal, in his verbis, as follows:

"No. 1: The terms of the contract pleaded by plaintiff vary with the proof offered by plaintiff in support of said contract."

"No. 2: There are no pleadings to support the judgment of the Trial Court against the appellant, John Heffernan, Jr., in his individual capacity, said Heffernan having been sued as a partner."

■ Neither of these contentions, it is determined, should be sustained. Other than as recited in its quoted judgment, no findings of fact nor conclusions of law were either made by or requested of the court, and Ricker's executor, Gillen, was not made a party to this appeal; wherefore, all the presumptions of law in favor of the regularity and validity of the judgment so rendered—as revitalized by the new Texas Rules of Civil Procedure—obtained, especially as to all its material features. Clark v. Goldberg, Tex.Civ.App., 3 S.W.2d 920; Yturria Town & Improvement Co. v. Schunior, Tex.Civ.App., 289 S. W. 188; Counts v. Quin, Tex.Civ.App., 9 S. W.2d 394; 3 Tex.Jur., Sec. 748, page 1062, and Sec. 753, page 1069.

While appellant Heffernan so seeks to complain here of the sufficiency of the appellee's pleadings below to support the judgment in the latter's favor, he filed—in addition to the denials indicated supra—only a general demurrer to appellee's declarations of a cause of action against him, merely additionally injecting some special exceptions to so much of them as claimed—pursuant to Vernon's Ann.Civ. St. Art. 5472a, as for material furnished

a public contractor—a lien against the $1036.56 fund in court; even these were never presented to, nor shown to have been acted upon by the court.

■ In this state of the record, since appellant did not, prior to the rendition of the complained of judgment, by motion, exception, or otherwise, point out to and secure the action of the trial court upon any claimed defect in the appellee's pleadings, either as to form or as to substance, he plainly waived his right to now do so, under Rule 90 of Texas Rules of Civil Procedure, which abolished the only protest he did so make below, the general demurrer.

■ But even if such a waiver upon his part had not ensued, it seems clear to this court that under the changes further wrought by Rules 45 and 47 of Texas Rules of Civil Procedure, it should still be held, not only that the appellee's pleadings were amply sufficient to support the judgment rendered in his favor against appellant, but, further, that there was no material variance between such pleadings and the proof shown, presumptively and otherwise, to have been adduced in support thereof.

■ It is, of course, well settled with us, indeed axiomatic, that not every actual variance from some feature of the pleadings by the proof—such as goes to mere circumstances, incidents, or causes which only contributed to the main declaration —is considered to be a material one; because it does not go down to the structural or elemental nature of the declared upon cause of action; 33 Tex.Jur., Pleading, § 199, p. 657.

Moreover, cited new Rules 45 and 47, in substance, thus reduce the requirements; that is, they shall "consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense" and "contain (a) a short statement of the cause of action sufficient to give fair notice of the claim involved, and (b) a demand for judgment for the relief to which the party deems himself entitled."

Upon the cause as a whole, no better expression of this court's conclusion upon the merits of the appeal may, it is thought, be made than that in the concluding portion of the appellee's brief, which has been interpolated only in immaterial details and by the citation of authorities, to-wit:

914

"Summarizing the appellant's contentions and the answers thereto: His first point was that there was a variance between appellee's pleading and proof, in that he claimed the pleadings were that Heffernan promised to pay the agreed one per cent of the construction contract prior to the execution of the indemnity agreement by Ryan which procured the bond, whereas, the evidence showed that the agreement made by Heffernan that became the basis of this suit, followed the execution of the indemnity agreement. It was pointed out in answer thereto that this was certainly not a material variance, if any; that since appellant had made no objections at the trial of the case, by exception, motion or otherwise in writing, there presumably had been no 'surprise'; Fowler Commission Co. v. Charles Land & Co. [Tex.Com.App.] 248 S.W. 314; Burton v. Roff [Tex.Com. App.] 292 S.W. 159; Bendy v. W. T. Carter & Bros. [Tex.Com.App.] 14 S.W.2d 813; Dancy v. Missouri-Kansas-Texas R. Co., 49 S.W.2d 910.

"In any event, it was shown that appellant had overlooked part of the allegation, which indicated clearly that the promise sued on was made after the execution of the indemnity agreement, and not before, as so claimed. Appellee alleged in his petition that, if the promise to pay one per cent had not been made, he would 'have withdrawn and revoked' the indemnity agreement.

■ "In his second point, appellant argues that appellee prayed for a judgment against an alleged partnership, composed of Heffernan and Ricker, and that there were no pleadings to support an individual judgment against Heffernan. It was shown, in answer thereto, that the pleadings were drawn to indicate an action against the individuals named as defendants and that, consequently, it was not one purely against a partnership, and further that it contained a prayer for general relief; that under the established authorities such a pleading was ample to support an individual judgment. Fowler v. [Charles] Land [& Co.] supra; Bibb [& Hughes] v. LeFevre [Tex. Civ.App.] 250 S.W. 721; Crews [& Williams] v. Gullett [Gin Co., Tex.Civ.App.] 189 S.W. 793.

■ "The disposition by the court of the money paid into its registry was entirely consistent with the personal judgments thus rendered. This action was not limited to an action on a partnership obligation against a partnership as such. It was brought on an agreement (expressed or implied) alleged to have been made by one or both of two individuals, and judgment was sought against one of them and/ or the Estate of the other. The allegation with respect to a partnership had no reference to the capacity in which the parties were sued. The Court at the conclusion of the trial, apparently felt that, either there was insufficient evidence to establish a partnership, or because of the 'dead man's rule' of evidence, there was no showing that Ricker was connected with the transaction. In any event, it found there was no basis for recovery against Gillen, but did find sufficient evidence to hold against Heffernan. In these circumstances, that left appellant without any legal grievance. Willis [& Bro.] v. Morrison, 44 Tex. 27; Robert Keithley v. J. C. Seydell, 60 Tex. 78; Stevens [& Andrews] v. Gainesville National Bank, 62 Tex. 499; Arch McDonald v. Cabiness, 100 Tex. 615 [102 S.W. 721]."

The judgment will be affirmed.

Affirmed.