## THOS. HARRISON v. G., C. & S. F. R'Y Co.
### (No. 2811.)

APPEAL from Galveston County. Opinion by WHITE, P. J.

W. L. WILSON and S. S. HANSCOM, counsel for appellant.

J. W. TERRY, counsel for appellee.

§ 69. *Appeal from justice's court; defenses not made in justice's court will not be permitted in the appellate court; case stated.* This was a suit brought originally by appellant in justice's court against the railroad company for $190 damages for personal injuries caused by a collision of defendant's cars with the plaintiff's dray, which collision was produced by the negligence of the employees operating the defendant's train. Defendant, the railroad company, made no appearance and filed no answer in the justice's court, though due service had been had upon it, and judgment was rendered by the justice in favor of the plaintiff for the full amount of damages claimed, and costs. The railroad company appealed from the judgment to the county court. In the county court for the first time it filed any pleading at all, its answer being denominated, "First amended original answer."

In this answer exceptions were filed to plaintiff's cause of action, to the effect that plaintiff could not maintain this action, because he had already recovered one judgment, based upon the same cause of action, to wit, a judgment for $20 damages for the destruction of his dray in the same collision in which he received the personal injuries complained of, and that the same should have been joined in the first suit. Defendant also pleaded general denial and contributory negligence. Appellant moved to strike out this answer, because appellee had made no defense whatever in the justice's court, and could not now set up on appeal any defense or new defenses not pleaded in the justice's court. This motion was overruled by the court, and the court sustained appellee's plea of former recovery of damages in the suit for injuries to dray, holding that said suit and judgment was a bar to any cause of action and recovery in this suit, and rendered judgment that plaintiff take nothing by this suit, and that defendant recover the costs, etc.

The question here presented is whether the defendant, who failed entirely to appear and answer in the justice's court, could on appeal to the county court be entitled for the first time to file his defenses, and have the case tried *de novo* upon those defenses. In other words, was the ruling of the court correct in overruling plaintiff's motion to strike out those defenses? In a very able argument and brief for appellee it is insisted that, "under a proper construction of the statutes as they now stand, the defendant has the right to plead on appeal any matter of defense, though the same was not pleaded in the justice's court, except it be a plea of set-off or counterclaim." This is the rule with regard to *certiorari* cases taken from justice's court to county court, expressly announced in article 316, Revised Statutes. But there is no such statutory rule in cases appealed otherwise than by the specific mode of *certiorari*. The fact that the rule is expressly provided in cases of *certiorari*, and not

in appeals, to our minds precludes the idea that it was ever intended to apply in ordinary appeals. The rule as it was aforetime, both by statute and as held by the courts, was that, on appeal taken from justice's to county court, the parties will not be permitted to plead causes of action or defenses not pleaded in the justice's court. " This rule has not been changed by legislative enactment." [Curry v. Terrell, 1 Civil Cas. Ct. App., § 239.] In Durham v. Flanaghan, 2 Civil Cas. Ct. App., § 23, speaking of Curry v. Terrell, it was said: " In that case judgment was by default, and it was not claimed or pretended that the defendant had been prevented in any manner from pleading his defenses in the justice's court." The doctrine that neither party will be permitted to plead causes of action or defenses on appeal in the county court which were not pleaded in the justice's court has been uniformly held in this state, both by the supreme court and this court. [2 Civil Cas. Ct. App., §§ 442, 457, 625, 612, 710; 3 Civil Cas. Ct. App., §§ 233, 261.] Under our judicial system, justices' courts are organized to try and determine certain classes of cases. The amount in controversy ordinarily determines their jurisdiction, and it is the policy of our law that they should hear and determine cases within their jurisdiction. Claims coming within their jurisdiction cannot be primarily prosecuted in other and superior forums. Every right to present his defenses in those courts is accorded to a defendant. If he does not do so when duly and legally notified of the suit against him, and where he is not prevented from making his defenses, he has no right to complain. He cannot ignore these courts, and, simply because he prefers his rights should be adjudicated by others of higher dignity and importance, decline and refuse to submit to their jurisdiction. The right of appeal is given him that he may have his case tried *de novo*, not to try a case that has not been tried — that is, where the issues have not been submitted and tried. The case which is made by

the issues is the case to be tried *de novo.* If this be not so, then our justices' courts and the laws creating them are but farces and delusions. This plaintiff could not bring his suit for $100 in the county court. The law fixed the forum for him, and he sought his remedy legally in that forum, and he had a right to expect that his case would be tried in the forum to which the law limited him. The defendant was duly summoned and accorded his right to his day in the court to which the law gave jurisdiction of the case. He refused and declined to avail himself of any defense whatsoever in that court, but utterly ignored it and its action, and determined that he would appeal, and under the claim of a trial *de novo* pleaded defenses which have never been submitted for trial, and in a case in which he had not even interposed any defenses at all. We do not believe that the genius, intention or spirit of our law ever contemplated that the right of appeal should carry with it any such rights. If it had so intended then it would have so provided, as was done expressly by article 316, with regard to *certiorari.* The court erred in not striking out defendant's new defenses, in sustaining defendant's exceptions and plea in bar to plaintiff's cause of action, and in rendering judgment in favor of defendant.

March 19, 1890.          Reversed and remanded.