ROWSE v. WOODY et al.   (No. 1204.)

(Court of Civil Appeals of Texas.   Amarillo.
June 20, 1917.)

1. PARTNERSHIP ⚖️206—ACTIONS — CHANGE
OF THEORY OF ACTION.
Where plaintiff sued two as partners, alleging that his right of action arose under a contract with them as a firm, he cannot change his action to one against one of the partners as an individual by taking a nonsuit as to the other.

2. PARTNERSHIP ⚖️216(3)—ACTIONS—RECOVERY.
One sued as a partner cannot be held liable save on a partnership obligation.

3. PARTNERSHIP ⚖️216(2) — ACTIONS — EVIDENCE—ADMISSIBILITY.
Plaintiff sued both members of a firm for commissions as a broker claimed to have been earned under contract with the firm. One of the partners died, and the action was revived against his widow, whereupon plaintiff took a nonsuit against the other partner seeking recovery solely against the widow of the deceased partner. *Held* that, as plaintiff could not recover on proof of the individual liability of deceased, evidence of a contract between the purchaser obtained by plaintiff, and another showing that the transaction was an individual one between deceased and plaintiff, was admissible.

4. TRIAL ⚖️351(5)—ISSUES—SUBMISSION.
A party cannot complain of the court's refusal to submit separate issues covered by the issues submitted.

Appeal from District Court, Crosby County; W. R. Spencer, Judge.

Action by C. E. Rowse against Pink L. Parrish and J. C. Woody, revived against Mrs. Ettie M. Woody on the death of the last-named defendant. From a judgment for defendants, plaintiff appeals.   Affirmed.

R. A. Wallace, of Crosbyton, for appellant. J. W. Burton, of Crosbyton, for appellees.

HALL, J.   Appellant Rowse sued Pink L. Parrish and J. C. Woody to recover the sum of $2,175, alleged to be due him as commissions on the sale of certain real estate situated in Crosby county.   Upon the death of Woody, appellant filed his second amended petition, making Mrs. Ettie M. Woody, the wife of J. C. Woody, a party defendant. Omitting the formal allegations, appellant alleged in substance that on the 2d day of February, 1914, Pink L. Parrish and J. C. Woody were engaged as partners in the business of purchasing and selling real estate under the firm name of Woody & Parrish; that they were still so engaged at the time of the death of J. C. Woody; that on the 2d day of February, said Woody, acting for the firm of Woody & Parrish, made, executed, and delivered to plaintiff a contract in writing duly executed in the firm name of Woody & Parrish, wherein said Woody & Parrish employed plaintiff to procure purchasers for lands they had for sale; that the said Woody & Parrish agreed to pay plaintiff the sum of $5 per acre for lands sold

by them to purchasers furnished by plaintiff; that pursuant to said agreement plaintiff, on or about the 3d day of February, 1914, made a trip to the state of Nebraska, and while there induced one Erick Peterson, who resided in Nebraska, to purchase 523.4 acres of land in Crosby county, Tex., from the firm of Woody & Parrish; that the sale of the land was made by J. C. Woody; that the land sold to Erick Peterson was, at the time of such sale, the property of J. C. Woody; that the sale was consummated on the 17th day of February, 1914, and upon the consummation of said sale Woody & Parrish became jointly and severally bound to pay plaintiff the sum of $2,617; that the said J. C. Woody has paid plaintiff $750, leaving a balance due of $1,867; and that the debt is a community debt on the part of J. C. Woody, now deceased.

Parrish and Mrs. Woody answered, setting up that prior to January 10, 1914, plaintiff and J. C. Woody entered into an agreement between themselves with reference to procuring purchasers for certain lands that J. C. Woody had for sale belonging to various parties, and on said 10th day of January, acting under his said agreement with Woody, plaintiff procured Erick Peterson as a purchaser, who entered into a written contract on January 10, 1914, to buy the land that is described in plaintiff's amended original petition; that said contract between Woody & Peterson was signed by the firm as agent for J. L. Holman; that the consummation of the sale of the land to Peterson was in pursuance of the written contract executed by him on the 10th day of January, 1914; that the sale of the land mentioned herein was an individual transaction of J. C. Woody and was not a part of the partnership business of Woody & Parrish; that the negotiations were concluded without the knowledge of the defendant Parrish; that the contract between appellant and J. C. Woody, made prior to January 10, 1914, was oral, and appellant's right of action under it is barred by the two years' statute of limitations.

By first supplemental petition appellant replied specially to the original answer of the defendants, in substance, that if plaintiff had any agreement with J. C. Woody before the execution and delivery to him of the written contract between himself and Woody & Parrish, dated February 2, 1914, as set forth in plaintiff's second amended original petition, it had been abandoned and was of no force and effect on the 2d day of February, 1914, the date of the written agreement aforesaid; that if Erick Peterson signed the alleged contract with Holman, as set forth in defendant's answer, he abandoned it before the 2d day of February, 1914, and that said Holman abandoned said agreement on February 9, 1914.

The contract of February 2, 1914, between

appellant and Woody & Parrish, recites that whereas Woody & Parrish have various and sundry tracts of land for sale in Crosby county, and it is agreed and understood that they are to furnish means, and at their own expense to show these lands to prospectors when brought to them by appellant, and to protect appellant in pricing the lands to the amount of $5 per acre; said $5 to be paid to appellant as commissions when any deal is consummated. There are other stipulations with reference to the duties and liabilities of the parties which need not be stated here. A deed from Holman and wife, dated February 9, 1914, conveying to John Swor 523.4 acres in Crosby county was introduced in evidence; also, a deed from John Swor, dated February 17, 1914, conveying the same land to Erick Peterson. Appellant then introduced a transfer of the vendors' lien notes executed by Peterson, payable to Swor, showing that said notes had been conveyed from Swor to Woody. A contract between J. L. Holman and Erick Peterson, signed by the latter, and by J. C. Woody, as agent for Holman, bearing date January 10, 1914, was also introduced in evidence. It recites that Holman has sold the 523.4 acres of land mentioned above to Peterson, and sets out the terms of sale, binding Holman to furnish an abstract showing good title, etc. In addition to this documentary evidence, there is considerable oral testimony which will be referred to hereafter. The case was submitted to the jury upon the following special issue:

"Was the sale of the land to Erick Peterson a partnership transaction between J. C. Woody and Pink L. Parrish?"

This issue was answered by the jury in the negative. From a judgment in favor of appellee, appellant brings the case here for review.

[1-3] The first error assigned is to the action of the court in permitting the contract of January 10, 1914, between Holman and Peterson to be introduced in evidence. The first proposition urged under this assignment is that a broker's right to commissions depends upon an express contract with the employer, and that transactions between the purchaser and other parties not parties to the action are inadmissible.

The record shows that, after the evidence was all introduced, appellant dismissed his action as to Parrish; but no reason for so doing is stated. Having sued Woody and Parrish as partners, and having declared that his right to recover arose under a contract with them as a firm, appellant could not change his action to one against Woody personally and recover against his widow upon an individual liability of her husband by merely taking a nonsuit against Parrish, who had been made a party solely because he was alleged to be a member of the partnership. Appellant's suit is based upon his written

contract with the firm; and he alleges that the firm agreed to pay him $5 per acre for all the lands which they sold to purchasers furnished by him, and that under said agreement he furnished the purchaser, Erick Peterson, for the tract of land described in his petition. The defendants alleged that the partnership had nothing to do with this land, and that the sale of it was an individual transaction of J. C. Woody. It is shown that the firm of Woody & Parrish was formed about January 20, 1914. Prior to this time, a written contract of sale between Holman (who at that time held the legal title to the land) and Peterson was entered into. Uncontroverted evidence shows that Woody was the real party at interest, and the real owner of the land. Under these conditions, we think the evidence was admissible. If the sale of this particular tract was the individual business of Woody and was a matter with which the firm of Woody & Parrish had no concern as a firm, clearly appellant would not be entitled to a judgment against the firm or against either member thereof under his pleadings seeking to recover against a partnership. There was no count in his petition entitling him to recover against Mrs. Woody upon a contract made with Woody individually. One who is sued as a partner cannot be held liable except as a partner. Baptist Book Concern v. Carswell, 46 S. W. 858. It is not denied that appellant was instrumental in bringing about the sale and had earned a commission by his activity in consummating the deal with Peterson; but the issue made by appellee's pleadings is that the firm had no interest in the land, and the facts proved did not bring the transaction within the terms of the contract. The written contract introduced in evidence was competent evidence of the fact that the land belonged to Woody as an individual, and, when taken in connection with other evidence appearing in the record, we think was sufficient to sustain appellee's allegations. While it is true that Peterson testified that he had declared the contract off, it further appears that he finally closed the trade upon the identical terms specified in the written contract, and it does not appear that Woody, the real party at interest, ever assented to the abrogation of the contract by Peterson. Appellant himself testified that he knew of no other written contract entered into by Peterson for the land, and that he induced Peterson to "go ahead and consummate the trade." The evidence is sufficient to show that the deal was closed under the original contract.

[4] Appellant complains that the court refused to submit four special issues requested by him, inquiring as to: (1) Whether or not the contract introduced in evidence had been abandoned by Holman and Peterson; (2) whether or not the oral contract between Woody and appellant had been abandoned;

(3) whether appellant's trip to Nebraska on February 3d was made under the written contract with the firm; and (4) whether Peterson was induced to purchase the land by appellant while on said trip. We do not understand that it is denied that appellant induced Peterson to purchase the land. The matters which the appellant sought to have submitted by the first three issues are all comprehended in the single issue submitted by the court to the jury. If the firm had no interest in the sale to Peterson, appellant's trip to Nebraska could not have been made under the contract of February 3d. If Parrish had no interest in the transaction, appellant's services were necessarily rendered to Woody, and neither the partnership nor either member thereof as a partner was liable, whether either or both contracts were in force, or either or both had been abandoned.

None of the remaining assignments present reversible error, and they are therefore overruled. We believe the judgment rendered by the court below is the only judgment which could have been properly rendered under the pleading and evidence, and it is therefore affirmed.