LEWIS v. TYLER HOTEL CO. (No. 2849.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 3, 1924.)

1. Partnership ⬤⟹173—Partners liable jointly and severally on firm contracts.

Partners are liable jointly and severally upon partnership contracts.

2. Partnership ⬤⟹200—When all partners necessary parties to action.

It is necessary to make all the partners parties to a suit on a partnership obligation only when it is sought to subject partnership assets to the payment of the debt.

3. Partnership ⬤⟹220(2)—Personal judgment against partner may be satisfied out of his individual property.

A personal judgment against a partner in an action on a partnership obligation may be satisfied out of his individual property.

4. Partnership ⬤⟹206—Suit not discontinued as against a partner by dismissal as to copartner's estate.

In an action against one partner and the administrator of the estate of deceased copartner on a partnership obligation, the dismissal of the suit as to copartner's estate did not operate to discontinue the suit against the first partner.

Appeal from Smith County Court; Nat W. Brooks, Judge.

Suit by the Tyler Hotel Company against F. Lewis and others. Judgment for plaintiff against named defendant, and named defendant appeals. Affirmed.

Gentry & Gentry, of Tyler, for appellant.
Bulloch, Ramey & Story, of Tyler, for appellee.

HODGES, J. The Tyler Hotel Company, a private corporation, filed this suit in the county court of Smith county against F. Lewis individually and as the administrator of the estate of N. Lewis, deceased, and against Mrs. N. Lewis, the widow. The purpose of the suit was to recover the balance due upon a subscription contract for 10 shares of capital stock in the plaintiff corporation by Lewis Bros., a partnership, then composed of F. Lewis and N. Lewis. The defendants all answered. Thereafter, at the instance of the plaintiff, the suit was dismissed as to F. Lewis as administrator of the estate of N. Lewis, and Mrs. N. Lewis, leaving F. Lewis alone as the party defendant. A judgment was sought against him individually only for the sum of $500, the balance due upon the subscription contract.

Upon a peremptory instruction a verdict was returned in favor of the plaintiff, and judgment entered accordingly. F. Lewis has appealed, and urges that a dismissal of the suit against the estate of N. Lewis operated to discontinue, as a matter of law, any suit against him individually, upon the ground that the contract sued on was a partnership obligation.

[1-4] It is well settled that partners are liable jointly and severally upon partnership contracts. It is necessary to make all the partners parties to a suit only when it is sought to subject partnership assets to the payment of the debt. In this instance a personal judgment is sought against F. Lewis only. Such a judgment may be satisfied out of his individual property.

There was no error in giving the peremptory instruction, and the judgment is affirmed.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes