### TEXAS LAND & CATTLE CO. et al. v. MOLINA. (No. 7063.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1924. Rehearing Denied Feb. 6, 1924.)

1. **Partnership ⬅⟿216(3)—Where theory of suit was partnership obligation, it could not be changed to theory of enforcing individual liability.**

Where plaintiff's suit against a partnership and its members to compel payment of a firm note was based on the partnership liability of defendant members, plaintiff could not change the theory of the suit so as to make it one against one of the partners, and thus obtain an individual recovery against him.

2. **Partnership ⬅⟿206—In action on note as firm obligation, dismissal of one or more partners abated suit.**

Where plaintiff's suit against a partnership and its members to compel payment of a firm note was based on the partnership liability of defendant members, a dismissal by the court as to certain of the alleged members abated the suit, and a judgment entered against the retained defendant was void.

3. **Partnership ⬅⟿219(3)—Statute as to unincorporated associations held not to permit, in suit on firm note, an individual recovery.**

The statute (Rev. St. arts. 6149–6154) which gives a creditor of an unincorporated association a right, by the suing association only, to obtain a judgment against the stockholders, whether they are sued or not, held not applicable to a suit against a partnership and its members to compel payment of partnership liability.

Error from Fifty-Seventh Judicial District Court, Bexar County; R. B. Minor, Judge.

Suit by C. B. Molina against the Texas Land & Cattle Company and another. Judg-

ment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

M. E. Sedberry and S. C. Autry, both of San Angelo, for plaintiffs in error.

H. S. Groesbeeck and A. L. Matlock, both of San Antonio, for defendant in error.

COBBS, J. This case comes up on petition for writ of error entirely ignored, and is filed and briefed by both parties as on appeal.

This suit was brought by C. B. Molina, owner and holder of the note against Texas Land & Cattle Company, alleging it to be a concern organized under what is known as a common-law declaration of trust, and alleging that said concern was a copartnership composed of E. H. Murff, Oscar Eckert, and Richard Pluff, residents of Tom Green county, Tex., and other persons whose names and addresses are to plaintiff unknown. It is further alleged that the Texas Land & Cattle Company is a copartnership, and that the certificate holders therein are partners, and as such are liable to defendant in error.

The cause of action is founded upon a promissory note for $6,250, dated August 22, 1921, payable to the order of Elizabeth Harris Murff, one year after date, with 8 per cent. interest from date, with usual attorney's fees upon default, which note is signed, "The Texas Land & Cattle Company, by L. A. Murff, President."

There is no allegation of joint and several liability nor any allegation of the execution and delivery by the partnership of the note sued on. The prayer of the petition was simply for the recovery of a personal judgment against each of the defendants. By a supplemental petition, defendant in error alleged:

"That additional parties defendant, necessary and proper parties to this suit and that said parties are L. A. Murff and Mrs. E. H. Murff, wife of L. A. Murff, individually; said parties being residents of Bexar county, Tex., and said parties also being officers of the Texas Land & Cattle Company, one of the defendants herein and as follows: That said L. A. Murff is president of the Texas Land & Cattle Company and that the said E. H. Murff is secretary and treasurer of the Texas Land & Cattle Company; said parties are made parties defendant in their individual and official capacities.

"Wherefore, plaintiff prays as he has heretofore done and that citation do issue upon L. A. Murff and E. H. Murff, requiring him to appear and answer herein, and upon final hearing hereof, that the plaintiff have and recover of and from said defendants his judgment as prayed for in his original petition for costs of suit and for general and special relief."

Exceptions, pleas of privilege, denials, answers, etc., and a sworn denial of partner-

ship constituted plaintiffs in error's defenses.

The cause was tried without a jury, and the court made its findings which are embraced in the decree overruling all demurrers and pleas. The findings are not challenged, but seem satisfactorily to both parties. Defendant in error dismissed as to L. A. Murff and E. H. Murff, and all the other defendants were by the decree of the court dismissed from the suit, whereupon the court entered its judgment in favor of defendant in error against the Texas Land & Cattle Company and Oscar Eckert individually, for $7,586.06, being amount of principal, interest, and attorney's fees, and further adjudged that the amount be first recovered from the Texas Land & Cattle Company, upon the theory of a partnership liability. It is not necessary for us to pass upon the question here as to the character and legal effect of the association or its members, designated a common-law trust, to its creditors, for that question is settled in this case by all the parties acquiescing in the court's holding that it is a partnership. That issue was fully raised by plaintiff in error's sworn plea denying the existence of any partnership, and decided against him.

This suit was upon a simple and plain promissory note, executed alone by the Texas Land & Cattle Company, alleging it to be a partnership obligation, of which all the other named parties were members, and as such were bound to pay the obligation sued on. The suit was not upon a joint and several obligation, but against the partnership, seeking to hold its stockholders liable as partners for the debt of the company, obviously, upon the theory that it was doing business under the firm name and style of the Texas Land & Cattle Company.

When any of the partners were dismissed from the suit, as they were, then the suit abated, with the suit against the partnership. Rowse v. Woody (Tex. Civ. App.) 197 S. W. 362; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409.

[1] The company alone owed the debt evidenced by its written obligation set out as the basis of the suit. It was not alleged nor proven that Oscar Eckert, plaintiff in error, individually owed one cent of the money expressed in the company's note, but that his liability arose from the fact that he was a shareholder in the alleged concern. Having sued on a contract of the company, joining in said suit Oscar Eckert plaintiff in error, with the other as partners, defendant in error was not permitted to, in effect, change it to one against said plaintiff in error and thus have an individual recovery. Baptist Book Concern v. Carswell (Tex. Civ. App.) 46 S. W. 858.

The pleadings and evidence wholly fail to support the recovery. McManus v. Cash et al., 101 Tex. 261, 108 S. W. 800; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1046.

[2] Having sued alleging a partnership obligation against certain stockholders of said company, when the court dismissed as to certain of those alleged members, no judgment could be entered against the retained alleged member of the firm. It operated as an abatement of the entire case.

[3] There is no merit in the claim that for the reason the suit was brought (if it was) under provisions of chapter 2, title 102, arts. 6149 to 6154 of the Revised Statutes, he was entitled to recover against the individual stockholders or members, as of an unincorporated joint-stock company. This claim is upon the assumption that the company sued, being an alleged common-law trust, must in legal effect be an unincorporated joint-stock company. This claim presents an apparent conflict to the entire theory of defendant in error's real contention, and antagonistic to his pleading and proof of partnership.

The liability asserted here, and vigorously contended for, is a partnership liability on a written obligation and suit against a partnership firm and its members to compel payment.

There was never any contention made, or ground therefor, that the suit was one solely against an association unincorporated. In such a suit, to bind the stockholders individually, the statute gave to the creditor the right to only sue the unincorporated association, and when judgment was entered against the association to run against the stockholders, whether sued or not. It has no application here.

We believe the court erred in rendering the judgment against Oscar Eckert, plaintiff in error, and it is reversed and remanded for a new trial.