**BURTON et al. v. ROFF et al.   (No. 11131.)***

(Court of Civil Appeals of Texas.   Fort Worth.   April 11, 1925.   Rehearing Denied May 9, 1925.)

**1. Partnership ⟨key⟩206—Dismissal of one partner as defendant held not to abate whole suit.**

In suit against partnership and individual members thereof, dismissal of one partner as defendant *held* not to abate whole suit, so that judgment could not be rendered against partners retained as defendants.

**2. Partnership ⟨key⟩206—Dismissal of one partner as defendant held dismissal as to firm.**

In suit against copartnership and individual members thereof, dismissal of suit as to one partner was dismissal of copartnership, and judgment rendered against it as such was erroneous.

On Motion for Rehearing and to Certify.

**3. Courts ⟨key⟩231(4)—Decisions held not in conflict requiring certification to Supreme Court.**

Decision that dismissal of suit as to one of three partners sued did not work dismissal as to all *held* not in conflict with other decisions of Courts of Civil Appeals that one suing two persons as partners cannot by dismissal or

nonsuit as to one defendant change his action to one against remaining defendant as individual.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Geo. W. Roff, receiver of the North Texas Supply Company, against W. G. Burton and others. Judgment for plaintiff against all defendants except J. W. Sappington, and they appeal. Reformed, and as reformed affirmed.

Durwood Bradley, of Lubbock, and Burney Braley, of Fort Worth, for appellants.

Phillips, Trammell & Chizum, Chas. L. Terry, and Evan S. McCord, all of Fort Worth, for appellees.

BUCK, J. Plaintiff, G. W. Roff, receiver of the North Texas Supply Company, in his first-amended original petition, complained of W. G. Burton, J. W. Sappington, R. L. Sappington, and G. I. Carlisle, and of the partnership of Burton-Sappington Syndicate, composed of the foregoing persons, and' alleged that the North Texas Supply Company had sold and delivered to defendants certain goods, wares, and merchandise of oil well supply trade, to the amount of $1,817.- 10, and that payment had been made on said bill in the sum of $752.12, and credit had been given for an additional sum of $64.- 98, and he sued for a balance due of $1,000. Judgment was rendered for plaintiff, as said receiver of the North Texas Supply Company, for $1,000, with interest. The judgment recites that plaintiff represented in open court that it would no longer prosecute said cause against the defendant J. W. Sappington, and asked that said J. W. Sappington be dismissed with his costs, whereupon defendant J. W. Sappington was dismissed as a party defendant.

The court has filed findings of fact, in which he finds:

"That the, defendant Burton-Sappington Syndicate is a copartnership of which W. G. Burton, G. I. Carlisle, R. L. Sappington, and J. W. Sappington are copartners."

W. G. Burton, R. L. Sappington, G. I. Carlisle, and the Burton-Sappington Syndicate have appealed.

[1] The appellants urge that the dismissal of the partner, J. W. Sappington, operated as a dismissal of the copartnership, Burton-Sappington Syndicate, because a partnership can only be sued in the names of all the constituent members, and that, plaintiffs' suit being to compel payment of a firm debt, and the sole theory upon which it was sought to hold the individual defendants being their partnership liability, the judgment of dismissal as to J. W. Sappington, one of the partners, abated the whole suit, and the court was powerless to render judgment against the partners retained as defendants.

In Frank v. Tatum, 87 Tex. 204, 25 S. W. 409, E. C. Tatum sued the copartnership of Goldfrank, Frank & Co., composed of Max Goldfrank, Abram B.'Frank, Simon Lavenberg, and Louis Lavenberg, and the copartnership of B. Openheimer & Co., composed of Barney Openheimer and Alexander Michael, and Cohen & Koenigheim, composed of Adolph M. Cohen and Alexander Koenigheim, and F. J. Hamer and F. H. Coleman. He dismissed the cause of action as to Simon Lavenberg, Louis Lavenberg, Max Goldfrank, A. M. Cohen, B. Openheimer, Alexander Koenigheim, 'F. J. Hamer, and Alexander Michael. But' no entry was made dismissing as to the partnerships in their firm names of Goldfrank, Frank & Co., B. Openheimer & Co., and Cohen & Koenigheim. Upon a trial in the district court, Tatum recovered judgment against A. B. Frank and F. H. Coleman, from which Frank appealed. In the Court of Civil Appeals the appeal was dismissed because the judgment entered in the district court was held not to be a final judgment, for the reason that no disposition was made of the partnerships of Goldfrank, Frank & Co., B. Openheimer & Co., and Cohen & Koenigheim. The court said:

"The rule that a copartnership must sue or be sued by its members is so universally recognized that there is no need for discussion. The only statutory provisions in this state which bear upon the question are- contained in the following articles of the Revised Statutes:

"'Article 1224 [now 1863]. In suits against partners the citation may be served upon one of the firm, and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served.'

"'Article 1346 [now 2006]. Where the suit is against several partners jointly indebted upon contract, and the citation has been served upon some of such partners, but not upon all, judgment may be rendered therein against such partnership and against the partners actually served, but no personal judgment or execution shall be awarded against those not served.'

"The familiar rule, that all partners who are jointly bound upon a partnership contract must be joined as defendants in a suit upon it, is not affected by the foregoing articles of our statutes. Partnerships are not thereby invested with any of the characteristics of corporations, nor are they expressly or impliedly authorized to sue or be sued in their firm names, independently of their members. If it were true that plaintiff sought in his petition to maintain his action against the firms as such, the failure to dismiss as to them would not prevent the judgment from being final, for the reason that the court could not enter judgment against such partnerships as such, and the setting up of their names as defendants would not present any issue upon which the court could act. No issue remained undisputed of, because no issue could be made with a thing that has no legal existence. * * * When the suit was dismissed as to the members of the firms of B. Openheimer & Co. and Cohen & Koenigheim the court had no further jurisdiction of them, for the reason that they were in court only by

means of these members of the copartnership, and went out of court with the members. In order to give the court jurisdiction to render judgment against the copartnership property of Goldfrank, Frank & Co. all of the members of the firm must have been parties to the suit, whether served or not. * * * When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings. In so far as the partnership was a party by reason of joining all of its members, it ceased to be a party when that joinder was destroyed by dismissing as to some of them, and it left A. B. Frank individually to answer instead of answering as a member of the firm of Goldfrank, Frank & Co."

The Supreme Court reversed the judgment of the Court of Civil Appeals, dismissing the appeal on the ground that no final judgment was shown, and remanded the case to the Court of Civil Appeals, with direction to reinstate the cause upon the docket of said court for trial upon its merits. This action by the Supreme Court was tantamount to a holding that judgment could be had against A. B. Frank, individually, for any liability shown to have been incurred by the firm of Goldfrank, Frank & Co.

In Glasscock v. Price, 92 Tex. 271, 47 S. W. 965, it was held that, where a suit against two firms, in each of which one Lyles was a member, was dismissed as to Lyles, and judgment rendered against such firms and against the members thereof, except Lyles personally, such judgment was of no effect against either the individual or partnership interest of Lyles, nor as against the partnership as such or its property held by each of the two firms, but that judgment could be entered against the partners served. To the same effect are the cases of Patten v. Cunningham & Ellis, 63 Tex. 666; Fernandez v. Casey-Swasey, 77 Tex. 452, 14 S. W. 149; Blumenthal v. Youngblood, 24 Tex. Civ. App. 266, 59 S. W. 290; Tramel v. Guaranty State Bank & Trust Co. (Tex. Civ. App.) 176 S. W. 65; Heidelberg Amusement Co. v. Mercedes Lumber Co. (Tex. Civ. App.) 180 S. W. 1133; Self Motor Co. v. First State Bank of Crowell (Tex. Civ. App.) 226 S. W. 428; McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800; Texas L. & C. Co. et al. v. Molina (Tex. Civ. App.) 258 S. W. 216.

In McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800, the court said:

"Nor do we find anything in the decision in the case of Scalfi v. State, 31 Tex. Civ. App. 671, 73 S. W. 441, which was by the Court of Civil Appeals and in which a writ of error was refused, in conflict with these cases. The opinion of Chief Justice Conner points out the distinction between that case and those of Frank v. Tatum [87 Tex. 204, 25 S. W. 409], and Glasscock v. Price [92 Tex. 271, 47 S. W. 965], supra."

[2] Therefore the judgment of the trial court will be reformed, in so far as said judgment was against the partnership of Burton-Sappington Syndicate, and as to this defendant judgment will be here entered dismissing it from the case. In all other respects the judgment will be affirmed.

### On Appellant's Motion for Rehearing and to Certify.

[3] Appellants urge that we erred in our original opinion and judgment, in which we dismissed the suit in so far as the partnership of Burton-Sappington Syndicate was concerned, and affirmed the judgment against the three partners served, and who had not been dismissed from the suit. Furthermore they urge that there is an irreconcilable conflict between the decision in the instant case and the cases of Rowse v. Woody, 197 S. W. 362, by the Amarillo Court of Civil Appeals, the case of Baptist Book Concern v. Carswell, 46 S. W. 858, by the San Antonio Court of Civil Appeals, and the case of Texas Land & Cattle Co. v. Molina, 258 S. W. 216, also by the San Antonio court. The Rowse v. Woody Case, supra, merely holds that, where plaintiff sues two persons as partners, alleging his cause of action under a contract with them as a firm, he cannot change his action to one against one of said alleged partners as an individual, by taking a nonsuit as to the other. In that case plaintiff sued J. C. Woody and Pink L. Parrish as a firm, and the evidence showed that, if he had any right at all, it was against J. C. Woody individually, and not as a partner. He sought to secure a judgment against Woody individually by dismissing Parrish from the suit. The court held he could not do this. We do not think this case, properly considered, is in conflict with our opinion in the instant case.

To the same effect is Baptist Book Concern v. Carswell, supra. The evidence showed that plaintiff's right of action, if any, was against Carswell as an individual and not as a partner. The opinion shows that this was the proposition involved, for the court says, the italics being ours, that:

"We are of the opinion, as before stated, that Heflin was liable to appellant on *the contract made by* Carswell for publishing, but not on the *new obligation* created by Carswell *after the dissolution.* When the notes were delivered to appellant, it was distinctly notified that the partnership was dissolved, and that Carswell alone was responsible; and still it accepted the notes, and Heflin cannot be held liable upon them. A *different case* would have been presented had suit been instituted upon the original contract. The trial court decided the case upon the theory that there was no partnership, and, of course, found nothing directly on the question of dissolution. He did find that an agreement existed between the parties which in law constituted a partnership, and he also found that the agreement was destroyed or, in other words, abrogated, and that

the *notes were the contracts of Carswell*, which was equivalent to a finding of the existence of a partnership and a dissolution. There was testimony to sustain the finding. It follows that there is no error in the judgment, and a rehearing is granted, the former opinion withdrawn, and the judgment affirmed."

In Texas Land & Cattle Co. v. Molina, supra, there was no allegation of the joint and several liability of the defendants as partners, nor any allegation of the execution and delivery by the partnership of the note sued on, nor did the evidence show that the party against whom a judgment was obtained in the lower court was in fact a partner. The court said:

"There is no allegation of joint and several liability nor any allegation of the execution and delivery by the partnership of the note sued on. The prayer of the petition was simply for the recovery of a personal judgment against each of the defendants."

Judge Cobbs said, "No judgment could be entered against the retained alleged member of the firm"; and he cites Baptist Book Concern v. Carswell and Rowse v. Woody to sustain the conclusion reached. We do not think any conflict is shown.

In Culp v. Browne, 235 S. W. 675, this court said:

"The judgment heretofore rendered will be set aside, and the judgment below will be in all things affirmed. We do not think any error was committed by the trial court in dismissing the suit against defendant W. A. Reynolds, who had not been served with citation. Culp and Reynolds were liable jointly and severally, if at all, and if Reynolds can later be found Culp may recover against him for one-half of the amount which he may be required to pay on this judgment."

In Wichita County Lbr. Co. v. Maer, 235 S. W. 990, by this court, it is said:

"Even though it be admitted that Boger was not served at all, such admission would not invalidate the service upon the other two partners, nor invalidate the judgment rendered as to the parties served. Any principal obligor in any contract may be sued alone or jointly with any other party who may be liable thereon. Articles 1852, 1863, and 2006, V. S. Tex. Civ. Stats.; Glasscock v. Hamilton, 62 Tex. 143; Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 479; Miller v. Sullivan, 89 Tex. 480, 35 S. W. 362; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965. In suits against partnerships, all the members are necessary parties, although service of citation upon one or more is sufficient to support judgment against the firm and the defendant served. Frank v. Tatum, supra."

See Lewis v. Tyler Hotel Co., 257 S. W. 704, by the Texarkana Court of Civil Appeals, and Kingsland v. Mitchell, 36 S. W. 757, by the same court that decided Texas Land &

Cattle Co. v. Molina. In the Kingsland Case the court said:

"The demand in this' case was liquidated. In the absence of a statutory provision to that effect, a copartnership cannot sue or be sued as an entity, as in the case of an individual or corporation, but the individuals composing the partnership must sue or be sued. Frank v. Tatum [87 Tex. 204] 25 S. W. 409. Appellant had authority, therefore, to dismiss as to one member of the partnership and to take a judgment against the other, even without dismissing as to the partnership, which was in court only by virtue of the members of the partnership being there."

From this quotation it appears that the San Antonio court is in harmony with our decision in the instant case.

The motion for rehearing and to certify is overruled.