Dibrell, Mosheim & Campbell, of Seguin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

A. J. Varner was convicted by a jury in the county court of Guadalupe County on a charge of obstructing a public road, and was assessed a fine of $25.

The appeal presents several questions, but our attention is attracted first to the condition of the record in that it fails to show that the road alleged was a public road. There is evidence that it had been used by some people a great many years ago, the time being indefinite, but there is also evidence without dispute in the record that the road described, or at least a part of it, was so obstructed by the growth of trees in it and the washing of ditches across it that it was not and could not be used as a public road and had not been for something like twenty years. There is evidence that a part of the road was traversed by individuals whose properties were made accessible by reason of it, but they did so only by crossing what appears to be a part of appellant's land in order to go around a ditch in the roadway and then by winding among trees and brush the rest of the distance. These parties might have used this strip of land by right, or permissively. It is immaterial to the turning point in this case.

When the prosecuting witness interviewed the county commissioner in whose precinct the roadway is situated, he told the witness that he would have to secure a petition to have the road opened. Assuming that the commissioner was correct in his instruction, and the prosecution concurs, it was not a public road at that time. The witness then secured a petition signed by sixty-two people asking the commissioner's court to open the road. Whether or not this petition meets the requirements of law as a petition to create a public road is also immaterial, because the record does not show that it was ever acted upon. It was filed by the clerk and the court thereupon directed a letter to be written to appellant telling him to remove the alleged obstruction. He did so at the time, but thereafter replaced it. There is no evidence of any order of the court at any time which attempts to designate this as a public road and there is nothing shown in the record which would make it such.

It is immaterial to discuss the questions raised by the bills of exception.

Because the prosecution fails to show that the road alleged was a public road, the judgment of the trial court is reversed and the cause remanded.

SEARS ROEBUCK & CO. v. WILLIAMS.

No. 10772.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 27, 1940.

200

Polk Hornaday, of Harlingen, for appellant.

Crane & Glarner, of Raymondville, for appellee.

MURRAY, Justice.

This suit was instituted in the Justice of the Peace Court of Willacy County, Precinct No. 4, by La Villa Hardware Company against Zack Williams and Sears Roebuck & Company seeking to recover the sum of $120.

La Villa Hardware Company stated its cause of action as follows:

"Plaintiff says that during the month of July, 1936, A. D., defendant Sears Roebuck & Company sold a refrigerator to Zack Williams, for a consideration of Two Hundred and Nine ($209.00) Dollars, and warranted such machine to give such satisfactory service as the owner had a right to expect, and in December, 1937, the defendant, Zack Williams, sold said machine to plaintiff guaranteeing the same under the same guarantee as the defendant, Sears Roebuck & Company, had given to the defendant, Zack Williams; and that said machine has failed to perform the service for which it was sold, and in fact has failed to give any service, and has become a total loss to the plaintiff; and that plaintiff paid for the same One Hundred Twenty ($120.00) Dollars, to the said Zack Williams, and for that reason both defendants became liable to plaintiff in the sum of $120.00, the value of said machine if it had performed the service for which it was sold, and if it had performed the service that the customer had the right to expect of it.

"And that plaintiff has requested defendant Zack Williams and Defendant Sears Roebuck & Company, to fulfill the guarantee, and both of said defendants have failed and refused to do so, or to refund to plaintiff the value of said machine, which is One Hundred ($120.00) Dollars.

"Plaintiff prays the court that defendant Zack Williams, who lives in Willacy County, and Sears Roebuck and Company, who has an office in Harlingen, Cameron County, Texas, in which office there is an agent upon whom service may be had, or it has a place of business at which service may be left.

"Wherefore, plaintiff prays the court that defendants be cited to appear at the next term of this court, and upon final hearing the plaintiff have judgment for $120.00 with 6% interest on same, from December 15, 1937, and for all costs of court, and such other relief as the court may find him entitled to receive."

Williams did not appear in the Justice Court and judgment was rendered against him. Sears Roebuck & Company did appear and answer, but upon final hearing judgment was rendered in favor of the La Villa Hardware Company and against both Williams and Sears Roebuck & Company for the sum of $120, together with interest at the rate of 6% per annum from December 15, 1937, until paid.

An appeal was taken by the defendants to the County Court of Willacy County, where upon a trial de novo judgment was rendered in favor of La Villa Hardware Company against Zack Williams in the sum of $120 with interest, and also in favor of Zack Williams against Sears Roebuck & Company for a like sum.

From this last judgment Sears Roebuck & Company have prosecuted this appeal.

Williams did not appear in the Justice Court and ask for judgment over against Sears Roebuck & Company for any amount that he might be required to pay to La Villa Hardware Company, but, on the contrary, permitted judgment to go against him by default. Having filed no pleadings in the justice court he would be precluded from asking for affirmative relief for the first time on appeal in the County Court. Harrison v. Gulf, C. & S. F. Ry. Co., 4 Willson Civ.Cas. Ct.App. § 69, 15 S.W. 643; Ostrom v. Tarver, Tex.Civ.App., 29 S.W. 69; Texas & P. Ry. Co. v. Hood, 59 Tex.Civ.App. 363, 125 S.W. 982; Humble Oil Co. v. Telephone Co., Tex.Civ.App., 2 S.W.2d 488; Welsh v. Chapman, Tex.Civ.App., 87 S.W.2d 293; Herring-Turner Hardware Co. v. Park, Tex.Civ.App., 123 S.W.2d 983.

There being no proper pleadings to support the judgment in favor of Williams against Sears Roebuck & Company, such judgment cannot stand.

The judgment of the trial court will be reformed so as to eliminate that part of the judgment allowing a recovery by Williams against Sears Roebuck & Company, and the judgment as thus reformed will be affirmed, except that appellant, Sears Roebuck & Company, shall recover judgment for all costs in this behalf expended in this and the courts below.

Reformed and affirmed.