## ALLRIGHT AUTO PARK v. COMMERCIAL STANDARD INS. CO.

### No. 12087.

Court of Civil Appeals of Texas. Galveston.

April 28, 1949.

536

H. Fletcher Brown, of Houston, for appellant.

Arthur P. Terrell and Malcolm R. Wilkey, of Houston (Butler, Binion, Rice & Cook, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court at Law, of Harris County, sitting without a jury, reciting that the parties before it were "Commercial Standard Insurance Company, a Corporation, plaintiff, and Allright Auto Park, and Allright Auto Park, a limited partnership, consisting of R. S. Cason and Mary T. Carothers, as general partners, and Durell M. Carothers, as a limited partner, defendants," and then proceeding thus:

"* * * it is, therefore, accordingly

"Ordered, adjudged and decreed that the plaintiff, Commercial Standard Insurance Company do have and recover nothing of and from the defendant Allright Auto Park, a limited partnership, consisting of R. S. Cason and Mary T. Carothers, as general partners, and Durell M. Carothers, as a limited partner, and it is further,

"Ordered, adjudged and decreed that the plaintiff, Commercial Standard Insurance Company, do have and recover of and from the defendant, Allright Auto Park, the sum of One Hundred Ninety Seven Dollars and forty-one Cents ($197.41), with interest thereon at the rate of six (6%) per cent per annum from the 2nd day of December, 1948, and its costs in this behalf expended, and that it have its execution."

Such judgment was so rendered upon an appeal to that court from a judgment of the Justice Court, of Precinct No. 1, of Harris County, awarding the insurance company the same amount of money ($197.41) against Allright Auto Parks, a limited partnership, consisting of R. S. Cason and Mary T. Carothers, as general partners, and Durell M. Carothers, as a limited partner, as the sole parties thereto.

The appellant here, Allright Auto Park, a separate and different entity, not having been a party to the justice court proceeding, where, as indicated, the sole parties defendant were the named "Allright Auto Park, or Parks, a limited partnership, consisting of R. S. Cason and Mary T. Carothers, as general partners, and Durell M. Carothers, as a limited partner," the Allright Auto Park, the distinct appellant here, has been in no sense either named or dealt with there.

However, the insurance company, in the County Court at Law, filed its amended petition against such same distinctively-named defendants, declaring alone upon its cause-of-action that had been so made exclusively against them in the Justice Court, repeating the same in the County Court at Law; that is, it had so proceeded in both such courts against the Allright Auto Park or Parks, as a limited partnership consisting of the three persons so named.

Thereafter, during the progress of the trial on the merits in the County Court at Law, the appellee-company asked and was granted permission to file a trial-amendment, at that time in the cause thus undertaking to add such distinct Allright Auto Park as a defendant therein, to-wit:

"* * * complaining of Allright Auto Park, with its place of business located in Houston, Harris County, Texas, and Allright Auto Park, a limited partnership, consisting of R. S. Cason and Mary T. Carothers, as general partners, and Durell M. Carothers, as a limited partner, hereinafter referred to as Defendants, and for cause-of-action plaintiff would respectfully show unto this honorable court as follows:"

During the course of the further trial it uncontrovertedly developed that the Allright Auto Park, or Parks, Limited, was constituted as recited in the court's judgment, and that the Allright Auto Park, so undertaken to be brought into the cause for the first time by the trial-amendment, was a separate and distinct entity from the other one, in that Durell Carothers was its sole owner, and that he alone did his individual business under it as an assumed name.

In this Court the briefs of the parties are extended and the proceedings in both courts below, that is, the Justice Court and the County Court at Law, have been detailed, with much elaboration; but the above-recited proceedings are thought to have ensued, as indicated, without real controversion.

It is true that the Insurance company, which is the appellee in this Court, recites in its brief that it was Durell M. Carothers, d/b/a Allright Auto Park, and "an entity under Rule 28, TRCP," that appellee sued in the Justice Court, and not the partnership, "Limited," alone. But as already presaged, the content of the record shows the contrary.

In other words, it indisputably appears that the appellant in this Court, that is, Allright Auto Park, against whom the court below so rendered the judgment, was never made a party to the suit in the Justice Court at all, and never one in the County Court at Law until the filing of the described trial-amendment there by the appellee, and that it was a separate entity owned and operated exclusively by Durell Carothers.

In spite of this situation, however, the appealed-from judgment herein, as above quoted, undertook to deal with and dispose of both of these two separate entities in the judgment it so rendered—that is, it decreed that the appellee-Insurance Company recover nothing from Allright Auto Park, a limited partnership, but that it do recover the $197.41-judgment against Allright Auto Park, so exclusively owned by Durell Carothers alone.

It is held in this Court that, on the face of the record, the trial court was shown to have had no jurisdiction against this appel·lant, and that its judgment, accordingly, was unsupported by either the pleadings or the evidence before it; that appellant had not been sued in the Justice Court, nor in the County Court until the late filing there of the indicated trial-amendment, and, since the amount in controversy sued for—$197.-41—was, under Art. V, Para. 19, Constitution of Texas, Vernon's Ann.St., within the exclusive jurisdiction of the Justice Court, such claim could not have been sued for, for the first time, anyway on an appeal to the County Court.

Since there was, therefore, no pleading which could have supported a judgment against the appellant, Allright Auto Park, owned exclusively by Durell Carothers, individually, the trial court's judgment was a fundamental error, apparent on the face of the record. Mims Bros. v. N. A. James, Inc., Tex.Civ.App., 174 S.W.2d 276, 278, Headnotes 6 and 7; Burton v. Roff, Tex.Com.App., 292 S.W. 159; Pope v. State, Tex.Com.App., 86 S.W. 2d 475; Rowse v. Woody, Tex.Civ.App., 197 S.W. 362; Cox v. Bond, Tex.Civ.App., 91 S.W.2d 479, writ dism.; Texas Land and Cattle Company v. Molina, Tex.Civ.App., 258 S.W. 216, 217; Baptist Book Concern v. Carswell, Tex.Civ.App., 46 S.W. 858; Missouri, K. & T. R. Co. v. Wallis, Tex.Civ. App., 29 S.W. 1123; Land Mortgage Bank v. Voss, 29 Tex.Civ.App. 11, 68 S.W. 732.

The holding made is thus stated in the language of this Court in the cited Missouri, K. & T. R. Co. v. Wallis case, 29 S.W. at page 1124:

"The county court did not have appellate jurisdiction of the cause of action against appellant, because the justice's court had not acquired the original jurisdiction, without which the appellate jurisdiction of the county court could never attach. The county court did not have original jurisdiction, because the amount in controversy was not sufficient. Its judgment against appellant must therefore be reversed, and appellant discharged."

Texas Rules of Civil Procedure, No. 28, relating to "Suits in Assumed Name," although relied upon by the appellee, is thought to furnish no basis for the procedure so taken in this instance; indeed, it has been held that such rule is one of procedure, and does not change the substantive law theretofore existing. Dillard v. Smith, 146 Tex. 227, 205 S.W.2d 366, at page 367, under head-note 3.

Reversed and rendered.