**Howard BATES, Appellant,**

v.

**Thurman CAPPS et al., Appellees.**

No. 13781.

Court of Civil Appeals of Texas.

Houston.

Sept. 14, 1961.

Morris, Termini, Harris, McCanne & Lacas, John C. Harris, Jr., of Houston, for appellant.

Aubrey H. Poole, Houston, for appellee.

BELL, Chief Justice.

This is an appeal by Howard Bates in which he complains of the action of the trial court in overruling his plea of privilege.

The suit originated in the Justice Court. Miles McDermott, d/b/a Dixie Lumber and Supply Company, filed suit on an account for materials furnished against Thurman Capps. Suit was for $163.66 plus $30 attorney's fee. Capps filed only a general

denial. Judgment was taken against Capps. He appealed to the County Court at Law. After appeal to the County Court at Law, the defendant, Thurman Capps, filed his "First Amended Original Answer, Original Cross-Action and Impleader of Third Party." By this pleading Capps made appellant, Howard Bates, a party defendant. He first, after denying he owed the account, pled specifically that in purchasing the materials he was acting as the agent of Bates; that the materials were used on property belonging to Bates and Bates would be unjustly enriched if plaintiff obtained a judgment against Capps. He prayed that if any judgment were rendered against him he should have judgment over against Bates. Then by way of cross-action against Bates and McDermott, Capps alleged a contract between Bates as seller and Capps as purchaser for the sale of certain houses. The contract provided for the seller to make certain repairs and seller should advance for the account of purchaser the money necessary to purchase the materials to be used. The money so advanced was to be added to the principal of the contract price and was to be repaid by purchaser as specified in the contract. The repairs were to be made in a manner satisfactory to seller and if he was not satisfied seller could cancel the contract.

The above is all we know about the contract as it is not in evidence and the purport of it is not further alleged.

Capps then alleged McDermott had knowledge of the contract; that he from the beginning billed Bates for the materials; that McDermott knowingly and with malice and with intent to deprive Capps of his property wrongfully sued Capps, or, that McDermott and Bates colluded to deprive Capps of his property. Capps asked for exemplary damages of $1,000 and attorney's fees of $350.

We are unable to fathom Capps' theory of recovery, but we have given the substance of his petition filed by way of cross-action.

We will not discuss the Points of Error relating to the action of the County Court at Law on the plea of privilege because we have reached the conclusion that the County Court at Law was without jurisdiction over the asserted cause of Capps for judgment over against Bates as to any judgment rendered against him in favor of McDermott or the cross-action.

▪ The prayer by Capps for judgment over against Bates for such amount as might be adjudged against him was asserted for the first time in the County Court at Law. The maximum involved in the suit by McDermott against Capps is $193.66. This is not within the original jurisdiction of the County Court at Law. The cause of action against Bates was asserted for the first time in the County Court where it was only exercising appellate jurisdiction. This may not be done. Sears Roebuck & Co. v. Williams, Tex.Civ.App., 145 S.W.2d 199.

▪ The cross-action asserted an amount in controversy of $1,350. This is beyond the maximum jurisdiction of the County Court. at Law.

▪ Appellee urges the question of jurisdiction was not raised in the County Court at Law and that it cannot be raised for the first time on appeal. In this appellee is in error. The question of jurisdiction can be raised at any time. The want of jurisdiction in this case affirmatively appears on the face of the record and it, therefore, is fundamental error apparent on the face of the record. Allright Auto Park v. Commercial Standard Ins. Co., Tex.Civ.App.,. 220 S.W.2d 535.

The judgment of the Trial Court is reversed, with instructions to the Trial Court to dismiss the cross-action of appellee· Capps and so much of his answer as asks judgment over against Bates as to such amount as McDermott should recover· against Capps on trial of the case.